PHILLIP MORRIS BRANDON *v.* STATE OF INDIANA.

[No. 876S241. Filed April 12, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Jack · R. O'Neill,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged with first degree murder, found guilty of second degree murder in a trial by jury and sentenced to life imprisonment. He presents the following issues on appeal:

(1) Whether the trial court erred in allowing the introduction into evidence of State's exhibit "P", a pair of blood-stained shoes worn by Defendant on the night the crime was committed.

(2) Whether the trial court erred in giving State's tendered instruction No. 1 on aiding and abetting, over objection by the defendant.

(3) Whether the trial court erred in allowing the State to introduce six photographs of the deceased victim into evidence, over objection by the defendant.

(4) Whether the trial court erred in refusing to give the defendant's tendered instructions Nos. 3 and 4.

(5) Whether there was sufficient evidence presented to sustain the verdict of the jury.

(6) Whether the trial court erred in overruling the defendant's motion to produce and inspect evidence.

## ISSUE I

Prior to the start of the trial, the defendant filed a motion to suppress a pair of green suede shoes which were taken from his home by investigating police officers. The trial court overruled his motion and the shoes were admitted into evidence over his in-trial objection that the shoes were not properly identified and were also the product of an unlawful search.

With regard to the defendant's contention that the shoes were not properly identified, error, if any, was not preserved for appeal, since the issue was not included in the defendant's motion to correct errors. *Spivey* v. *State,* (1971) 257 Ind. 257, 274 N.E.2d 227. We note, however, that although the identification made prior to the admission of the exhibit may not have been adequate, the exhibit was subsequently identified and made relevant by the unequivocal testimony of Officer Brosius.

The motion to suppress the evidence, alleged that the shoes were taken by investigating police officers in an unlawful search of his home. Defendant's argument is that a warrantless search was made without justification, there being in existence none of the factors which would authorize it. However, our decision does not require a determination of whether circumstances authorizing a warrantless search were present. At the suppression hearing the evidence was conflicting. Defendant's witnesses presented testimony indicative of an unauthorized search, however, the testimony of the State adequately supported the trial court's ruling. Officer Brosius testified that while he was questioning the defendant at his home, he asked if he could see the shoes that the defendant had worn on the night in question, and the defendant produced them. Observing what he believed to be blood stains upon the shoes, the officer asked the defendant and his mother if he could take them to the crime laboratory for analysis; and both consented.

The admissibility of evidence, when subjected to a motion to suppress, is determined by the evidence submitted at the hearing. When the evidence is conflicting, the conflicts are resolved by the trial judge conducting the hearing; and as in other sufficiency reviews, we look to the evidence and reasonable inferences supportive of his determination. *Riggs* v. *State,* (1976) 264 Ind. 263, 342 N.E. 2d 838; *Cowell* v. *State,* (1975) 263 Ind. 344, 331 N.E.2d 21; *Rodgers* v. *State,* (1974) 262 Ind. 315, 315 N.E.2d 707.

The evidence adduced at the suppression hearing was sufficient to support a finding by the trial judge that the shoes had not been obtained by search and seizure but by voluntary delivery and consent. *Boys* v. *State,* (1973) 261 Ind. 413, 304 N.E.2d 789; *McCoy* v. *State,* (1960) 241 Ind. 104, 170 N.E.2d 43. It should be noted that Defendant did not challenge the evidence as a product of a custodial interrogation conducted without prior rendition of required warnings, and we have, therefore, not considered the applicability of Justice Hunter's concurring opinion filed in *Boys* v. *State, supra.*

## ISSUE II

Ind. R. Ap. P. 8.3 requires an appellant predicating error upon the giving of an instruction, to set out in the argument section of his brief the verbatim objection made thereto, as well as the verbatim instruction. Defendant has failed to comply with this rule, and the error, if any, is deemed waived. Notwithstanding Ind. R. Ap. P. 8.3, we have searched the record and find that it discloses a mere naked objection to the giving of such instruction without stating the grounds therefor. Ind. R. Tr. P. 51(C) provides: "No party may claim as error the giving of an instruction unless he objects thereto * * * , *stating distinctly the matter to which he objects and the grounds of his objection.*" (Emphasis ours).

Additionally, we fail to see how the giving of such instruction could have prejudiced the defendant. The evidence of his guilt as a principal was substantial, and the defendant himself asserts that there was no evidence of his being an accessory. We fail to perceive how the jury could have acquitted him as a principal in the face of convincing evidence, only to convict him as an accessory upon mere conjecture and speculation.

## ISSUE III

Two of the photographs were admitted without objection, and error, if any, relative thereto was, therefore, waived. *Ortiz* v. *State,* (1976) 265 Ind. 549, 356 N.E.2d 1188. Of the remaining four, three depict various angles of the victim's seminude body, taken at the scene of the murder. The fourth photograph was taken at the autopsy and shows the upper portion of the decedent's body and head.

Trial courts may exercise wide discretion in determining the admissibility of photographic evidence. The test to be applied is whether or not the photographs are relevant to any material issue in the case, with the issue of relevancy determined by whether or not the photographs evidence anything that a witness would be permitted to testify to if identified and verified by the witness. *Patterson* v. *State,* (1975) 263 Ind. 55, 324 N.E.2d 482; *Birkla* v. *State,* (1975) 263 Ind. 37, 323 N.E.2d 645.

In the case at bar the photographs were relevant for the purpose of depicting the decedent as she was found shortly after her death and for depicting the nature and extent of the wounds which she received. Although exhibits K, L, and M are somewhat gruesome and repetitious, they are not rendered inadmissible on that basis alone. Without a clear showing of prejudicial imbalance between relevance on the one hand and the tendency to appeal to passion and prejudice on the other, the trial court's determination will not be disturbed. *Patterson, supra.*

## ISSUE IV

The refused instructions related to the presumption of innocence and to reasonable doubt. We need not determine whether such instructions were correct statements inasmuch as the subject matters of the refused instructions were adequately covered by other instructions given by the court.

Preliminary instruction No. 3 was as follows:

> "Under the law it is your duty to presume the defendant in this case to be innocent of the crime charged against him and this presumption remains with him step by step throughout this trial, and will go with you into your jury room and during deliberations along with all other competent evidence and it is your duty, if it can be consistently done, to reconcile all of the evidence in this case upon the theory that he is innocent, and, so long as you or any one of you have, from the evidence or lack of evidence in this case, a reasonable doubt as to his guilt, he should not be convicted."

Final instruction No. 7 contained the following statement:

> "Evidence is sufficient to remove reasonable doubt when it is sufficient to convince the judgment of ordinarily prudent men of the truth of a proposition with such force that they would act upon that conviction without hesitation, in their own most important affairs, under circumstances where there was no compulsion or coercion upon them to act at all, then if; you are so convinced in this case; you will have attained such degree of certainty as excludes reasonable doubt and authorizes conviction."

And final instruction No. 8 concluded with the following statement:

> "To justify a conviction of the defendant, in this case, on circumstantial evidence, the circumstances disclosed by the evidence must be of such character and strength as to exclude every reasonable hypothesis except that of the defendant's guilt. If the circumstances disclosed by the evidence can be explained on any reasonable theory consistent with defendant's innocence, he is entitled to an acquittal."

## ISSUE V

Upon his challenge to the sufficiency of the evidence, the defendant contends that the only evidence against him was that he had two of the victim's rings and money in his possession, and had blood upon the shoes that he had worn upon the night of the crime. Our review, however, discloses greatly more incriminating circumstances.

The evidence disclosed that the decedent was an 80 year old widow who resided alone and was very hard of hearing. She was known to keep a large sum of money—four to five hundred dollars—and two diamond rings in small cotton sacks pinned to her brassiere. It was her custom to retire between eight and nine o'clock. The neighborhood was a deteriorating one. The defendant resided in the immediate neighborhood. At approximately 10:00 p.m. one of the decedent's neighbors heard what sounded like a breaking window pane. Between 10:00 p.m. and 11:00 p.m., the defendant, a fifteen or sixteen year old boy, appeared at the home of Mrs. Thomas, who resided with a sister and next door to the defendant's residence. He was looking for Mrs. Thomas' sister but upon being told that she was not at home, said that Mrs. Thomas would do. He gave her a roll of money and two diamond rings to hold for him. He told her that he had won the money in a dice game and that he had "snatched" the rings. Mrs. Thomas observed that his body, clothes and hair were splattered with blood, and his hands were bruised, and he told her that six boys had jumped him and tried to take the money and rings but that he had beat them off. The defendant returned to Mrs. Thomas' house five or ten minutes later, took the rings and money and gave her two twenty dollar bills from the money.

The decedent was found dead in her home the following morning. She had been beaten to death by twenty-four to thirty-four blows to the head. Her body and the area around her was blood splattered. A window pane in her home had been broken. Her clothing had been torn from her and her

rings and money were gone. The house had not been otherwise disturbed.

The aforementioned rings were identified as being the ones belonging to the defendant and also as the ones deposited with Mrs. Thomas by the defendant. They were found two days later at the bottom of a trash burner behind the defendant's home. When the defendant was questioned by police on December 14th, 1965, he was wearing all new clothing and shoes. Blood residue from the suede shoes previously mentioned was of type "O", which was also the decedent's blood type.

The foregoing related evidence, together with inferences reasonably to be drawn therefrom were sufficient to support the verdict, in that reasonable men could conclude therefrom, beyond a reasonable doubt, that the defendant killed the decedent purposely and with malice. Accordingly, the verdict should not be disturbed.

In reviewing a case based on the sufficiency of the evidence, this Court will look only to that evidence most favorable to the State along with all reasonable inferences to be drawn therefrom, in determining whether there is sufficient evidence of probative value upon which to base the jury's verdict. *Baum* v. *State,* (1976) 264 Ind. 421, 345 N.E.2d 831. We will neither reweigh the evidence nor judge the credibility of the witnesses. *Robinson* v. *State,* (1977) 266 Ind. 604, 365 N.E.2d 1218.

## ISSUE VI

The defendant filed a motion to require the State to produce evidence for inspection, which was overruled. In support of his contention that such denial was reversible error, the defendant has merely presented a general discussion with relevant authorities supportive of a defendant's right to discovery, as necessary to the preparation of his defense and the duty of the State to disclose evidence within its knowledge which is exculpatory in nature. Not only has he failed to show or

allege that he was, in any way, harmed by any non-disclosure, but also the record reflects that no proper motion was filed.

The motion, which was properly overruled, was overly broad and non-specific. It merely alleged that the State had in its possession "physical evidence and written statements" and concluded with a prayer that the State be required to produce "all evidence within their exclusive possession."

The criteria for determining the discovery capabilities of a criminal defendant were laid down in *Sexton* v. *State*, (1972) 257 Ind. 556, 276 N.E.2d 836 and again in *Rowe* v. *State*, (1974) 262 Ind. 250, 314 N.E.2d 745. First, there must be a sufficient designation of the items sought to be discovered. Second, the item sought to be discovered must be material to the defense. Third, if these first two factors are satisfied, the trial court must grant the discovery motion unless the State makes a showing of paramount interest in non-disclosure. In order for a motion to meet the first criterion of the test, it must set forth the items or category to be inspected with "reasonable particularity," thus enabling the State to identify what is being requested. *Dillard* v. *State*, (1971) 257 Ind. 282, 274 N.E.2d 387.

We recently pointed out in *Reid* v. *State*, (1978) 267 Ind. 554, 372 N.E.2d 1149, that discovery orders so general as the one therein issued opened the door to subsequent problems by making it very difficult to determine whether or not there had been a good faith compliance. Further, sustaining the motion in the case before us would have required the State to "lay bare its case in advance of trial," which will not be required. *Bernard* v. *State*, (1967) 248 Ind. 688, 692, 230 N.E.2d 536.

We find no reversible error, and the judgment of the trial court is affirmed.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 374 N.E.2d 504.