Leroy SPENCE, Appellant,

v.

STATE of Indiana, Appellee.

No. 179S3.

Supreme Court of Indiana.

Feb. 5, 1980.

Terrence M. Rubino, Hammond, for appellant.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appeal is here taken from a conviction following a trial by jury for dealing in heroin in violation of Ind.Code § 35–24.1–4.–1–1. Appellant Spence was sentenced to imprisonment for twenty years. Two issues have been presented, namely, (1) whether the trial court erred in admitting certain telephone calls between a confidential informant and one Hicks, and (2) whether the court erred in admitting identification testimony by police officers.

At noon on the date of the alleged illegal sale of heroin Hobbs, a paid confidential informant, met with Drug Enforcement Administration agents. A telephone call was made by them to one Hicks, a suspected drug dealer, and arrangements were

made for him to sell Hobbs some heroin. Hobbs agreed to call him again later to set a specific time and place for the transfer. The call was recorded and transcribed.

An hour later Hobbs again called Hicks and it was agreed that the heroin would be delivered to Hobbs at his residence in Gary, Indiana. The agents carefully searched Hobbs, wired him for sound transmission and dropped him off near his home. Meanwhile that place had been put under surveillance by at least four Gary and Lake County police officers. The surveillance team members were in radio contact with one another and at least one was receiving and recording transmissions from Hobbs.

At 3:00 p. m. appellant arrived at the residence in a blue 1976 Ford LTD being driven by one Cooker. Appellant and Cooker went into the residence. Upon entering Cooker informed Hobbs that Hicks had sent his partner with a package. Appellant Spence asserted his recognition of that fact by saying that Hicks was busy doing something else and indicated that a prior discussion between Hicks and Hobbs had taken place. Appellant Spence then took a tinfoil packet from his shoulder bag and gave it to Hobbs. Appellant Spence then received $300 from Hobbs in return. This conversation was recorded and transcribed and admitted at trial.

Appellant and Cooker then took their leave in the blue Ford and were observed doing so by officers Stafford and Bauner. Stafford followed the two until they stopped their vehicle and emerged. In the daylight, from his car, Stafford got a good look at them and recognized appellant as one whom he had seen on numerous occasions during past years on the police force but did not know appellant's name.

Shortly thereafter the Drug Enforcement Administration agents and police officers gathered at an office to talk about what had occurred. The packet was examined and its contents determined to contain heroin. No one knew appellant's true name, but Hobbs knew him as "T C" or "RED". As part of these discussions a verbal description of appellant was formulated and

included in a police report. Appellant Spence, Cooker, and Hicks were arrested weeks later and jointly charged with the delivery. Appellant's case was separated from the rest.

At appellant's trial Hobbs appeared and directly identified appellant Spence as the man who had given him the drugs and taken the money in return. Officer Stafford testified at trial and identified appellant as the man at the Hobbs residence who had driven off in the blue Ford. Officer Bauner on cross-examination testified that he had seen a picture of appellant Spence at some point after the transfer and had mentioned that it was a picture of the man who had been at the Hobbs residence.

▪ Appellant complains that the trial court erred in permitting the State to introduce the content of the two telephone calls made by Hobbs to Hicks. In accordance with his trial objection appellant argues that the calls were irrelevant, immaterial and highly prejudicial. *Nading v. State*, (1978) Ind., 377 N.E.2d 1345; *Birkla v. State*, (1975) 263 Ind. 37, 323 N.E.2d 645; *Brandon v. State*, (1978) Ind., 374 N.E.2d 504. Appellant's own statements and those of Cooker and Hobbs on the occasion of the actual transfer of the heroin were admitted as evidence. No objection was made to such statements and we can conceive of none which might have successfully been made. From these statements the jury could reasonably have inferred that the transfer of heroin had been previously arranged during a conversation between the informant Hobbs and another for whom appellant was then acting as agent. The challenged telephone calls were probative of the same fact that the transfer had been previously arranged. During those calls Hicks did not mention appellant Spence or Cooker and indeed did not even mention that he would send another to make the home delivery. There is nothing in those calls which is probative of the fact that appellant Spence was an agent or partner to Hicks. Furthermore, as can readily be discerned from the above summary of the State's case the evidence of appellant's guilt

is very strong. In the absence of any specific reference in the calls to appellant Spence or to Cooker, and since the challenged calls tended only to establish that which was properly to be inferred from appellant's own later statements, all considered in light of the strength of the other evidence of guilt, we conclude that the calls were not inflammatory or prejudicial in the manner of gruesome photographs and any error in admitting them was harmless. They would have had only a very slight influence upon the jury.

 Appellant next complains that the trial court erred in permitting the police officers to identify appellant at trial as the man who had been present at the Hobbs' residence at the time of the alleged delivery. The officers were eye-witnesses to the events which they described. Such in-court declarations should be suppressed on due process grounds where they have been preceded by unnecessarily suggestive identification procedures employed at confrontations between the witness and the accused under circumstances giving rise to a very substantial likelihood of irreparable misidentification. *Neil v. Biggers*, (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; *Simmons v. United States*, (1968) 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; *Holt v. State*, (1979) Ind., 396 N.E.2d 887. Appellant states correctly from the record that after the alleged delivery occurred the surveillance team disbanded and later gathered at an office and through discussion developed a verbal description of appellant. Appellant argues that this description was the product of the suggestion of several independent witnesses and that their collaboration for this purpose was unfair. The officers testified on the suppression motion that the verbal description was arrived at for the purpose of including it in their written departmental report. There is no further evidence or necessary inference to be made that it was used for any other purpose. There is to be sure a utility in such a verbal description for identification purposes much as in the case of a photograph, composite drawing, or actual viewing of a suspect. One might speculate that

a verbal description could be used as a tool in an unnecessarily suggestive identification procedure. However, there is no evidence that the description was put to such use in this case. And furthermore the argument is not persuasive in establishing that the process of formulating such a tool by police officer eye-witnesses is itself an unnecessarily suggestive identification procedure as contemplated by case law. It was not, therefore, error to permit the officers to identify appellant at trial.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.