**Dennis HIGHTOWER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 879S208.**

Supreme Court of Indiana.

July 8, 1981.

Harriette Bailey Conn, Public Defender of Indiana, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen. of Indiana, Linley E. Pearson, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with murder. He was convicted by a jury of voluntary manslaughter and sentenced to twenty years imprisonment.

The body of the victim, a fourteen year old female, was found in a rural cornfield. She had suffered a total of fifteen .22 calibre rifle gunshot wounds, slashes to her back inflicted with a knife or similar instrument and injuries that may have been sustained by being run over by a vehicle. The victim's anus and vagina were bruised.

Laboratory examinations revealed the presence of sperm in the vagina. A chrome strip from a vehicle and paper napkins were found at the scene. Information from an auto repair shop indicated that the strip was from a green sports truck.

The appellant was stopped as he exited a local liquor store. His vehicle, a green Ranchero, had no chrome stripping. One strip was found in the bed of the truck. The strip retrieved from the scene fit appellant's vehicle. A napkin adhered to the back bumper of the truck. Blood and hair were discovered under the Ranchero. A .22 calibre rifle was found behind the front seat. Three witnesses testified that they had seen the defendant and the decedent together between the hours of 10:30 and 11:00 p.m.

The appellant first claims that the trial court erred by admitting into evidence over defense objections photographic slides of the decedent. He argues the pictures were gruesome in light of the manner of death, served to inflame the minds of the jurors, thereby prejudicing him.

The standard to determine the admissibility of photographs of a gruesome nature was set forth in *Brandon v. State*, (1978) 268 Ind. 150, 374 N.E.2d 504. In *Brandon*, this Court stated at 374 N.E.2d p. 507:

"Trial courts may exercise wide discretion in determining the admissibility of photographic evidence. The test to be applied is whether or not the photographs are relevant to any material issue in the case, with the issue of relevance determined by whether or not the photographs evidence any thing that a witness would be permitted to testify to if identified and verified by the witness. *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482; *Birkla v. State*, (1975) 263 Ind. 37, 323 N.E.2d 645.

\* \* \* \* \* \*

"Without a clear showing of prejudicial imbalance between relevance on one hand and the tendency to appeal to passion and prejudice on the other, the trial court's determination will not be disturbed."

A pathologist testified as to the significance of each slide. The pathologist was rightfully permitted to testify about the results of the pre-autopsy examination. He verified the slides were taken under his auspices. The photographs aided in proof of the victim's identity, the fact and cause of death and the probable distance from which the shots had been fired. They further depicted the brutality of the killing. The photographs were, therefore, relevant to the considerations before the jury. Under the standard set forth in *Brandon, supra*, we hold the slides were relevant and properly admitted.

 Appellant next claims the trial court erred in refusing to give defendant's tendered final instructions numbered 15 and 18.

Defendant's tendered instruction number 15 reads:

"You are instructed that in a criminal case, probabilities are not sufficient to warrant a conviction nor is it sufficient that the mere weight or preponderance of the evidence is in favor of the guilt of the Defendant nor is it sufficient that it is possible *or* probable that the Defendant is guilty of the crime charged, nor is it sufficient that upon the doctrine of chance it is more probable that the Defendant is guilty. To warrant a conviction the State must prove the case so clearly and so conclusively that each and every juror must be satisfied of the guilt of the Defendant beyond a reasonable doubt; otherwise, under the law, there can be no conviction of the Defendant in this case."

Defendant's tendered instruction number 18 reads:

"You are instructed that no amount of suspicion, no matter of the nature, will itself constitute evidence and consequently suspicion, no matter in what abundance, will not justify a verdict of guilty."

Appellant argues that because the evidence was circumstantial in nature it was error for the trial court to refuse to instruct the jury on "probabilities" or "possibilities"

as the basis for their verdict. The State contends, and we so hold, that the instructions go beyond the correct statements of the law and interfere with the jury's power to draw reasonable inferences from the evidence. *Roberts v. State*, (1978) 268 Ind. 348, 375 N.E.2d 215. The instructions also are contrary to the proposition that a guilty verdict may be based on circumstantial evidence alone. *George v. State*, (1979) Ind. App., 397 N.E.2d 1027.

Furthermore, in reviewing the instructions read to the jury, we believe that the instructions on reasonable doubt and circumstantial evidence adequately informed the jury of the burden of proof necessary to convict the appellant. It is not necessary to refuse to give an instruction, the substance of which is sufficiently covered by another instruction, nor one that would tend to confuse the jury. *Smith v. State*, (1979) Ind., 395 N.E.2d 789. Therefore, we find no error in the refusal to give appellant's tendered instructions 15 and 18.

 The appellant next claims there is insufficient evidence to support his conviction. Under our standard of review, we do not weigh the evidence nor judge the credibility of witnesses, but look only to the evidence most favorable to the State. If there is sufficient evidence to support each element of the offense, we will not disturb the verdict. *Pulliam v. State*, (1976) 264 Ind. 381, 345 N.E.2d 229. Although the evidence recited above is primarily circumstantial, it amply supports the jury's verdict of voluntary manslaughter.

 The appellant requests that his sentence be reviewed for reasonableness pursuant to Rule 2, Rules for the Appellate Review of Sentences. Rule 2 reads as follows:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

"(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

The appellant claims that the trial court's augmentation of his base sentence of ten years for the Class B Felony by ten years for aggravating circumstances pursuant to I.C. § 35–50–2–5 is unreasonable. The trial court found the following considerations to be aggravating:

"1. The offense for which the defendant was convicted was a most serious Class B Felony.

"2. The offense for which the defendant was convicted was particularly and exceptionally brutal in its nature.

"3. The victim of the crime was a young girl of tender years and under the age of consent."

Given the evidence adduced at trial and the above listed aggravating circumstances, we hold that the sentence of the trial judge was entirely reasonable for the conviction of voluntary manslaughter.

The trial court is in all things affirmed.

All Justices concur.