Darrell **ROBERTSON,** Appellant (Defendant below),

v.

**STATE of Indiana,** Appellee (Plaintiff below).

No. 881S210.

Supreme Court of Indiana.

Dec. 28, 1981.

Wendell W. Mayer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Darrell Robertson, was convicted by a jury of two counts of robbery, a class B felony. Ind.Code § 35–42–5–1 (Burns 1979 Repl.). He was sentenced to concurrent terms of twenty years in the Indiana Department of Correction. In his direct appeal, he presents the following issues for our review:

1. Whether testimony establishing the victims' out-of-court identifications of defendant was improperly admitted by reason of the impermissibly suggestive nature of the identification procedures; and

2. Whether the evidence was sufficient to support the jury's verdict.

The record reveals that in the afternoon hours of March 14, 1980, two men entered Todd's Grocery Store at 120 West 30th Street in Indianapolis and, at gunpoint, robbed the store owner, Harold Todd, and a customer, Charles Cheatham. The owner of a neighboring gas station, Gardful Hendrix, was informed of the robbery in progress and rushed to the scene, where he fired his gun into the air and confronted the perpetrators. Notwithstanding Hendrix's inter-

vention, the perpetrators fled; other neighbors, however, wrote down the license plate number of the getaway vehicle. Four days later, Hendrix interrupted a prowler at one of his gas stations whose license plate number matched that recorded at the scene of the robbery at Todd's grocery store. Hendrix detained the prowler at gunpoint; his apprehension culminated in defendant's arrest and conviction for the crimes at issue.

### I.

Defendant maintains the trial court erred when it permitted the victims to testify at trial regarding their identification of defendant at a pretrial lineup conducted by police. He maintains the lineup identification was impermissibly tainted by the fact that prior to the lineup Gardful Hendrix had informed both Todd and Cheatham of the facts surrounding defendant's apprehension, as well as his opinion that defendant was the man who had robbed them. In addition, defendant asserts that the victims were shown photographs of defendant prior to the lineup. Defendant also maintains the lineup was tainted by the fact that when Todd and Cheatham arrived for the lineup, they were provided with paper and told to write down the number of the suspect identified as the perpetrator; the impermissible inference which arose, defendant argues, was that the perpetrator was present in the lineup.

Insofar as victim Cheatham is concerned, the record does not reveal any testimony to the effect that he ever made an identification of defendant at the lineup. Cheatham did identify defendant at trial; defendant has not challenged the propriety of that identification, however.

There is no indication that the police inspired the conversation between Hendrix and Todd; any information conveyed to him by Hendrix cannot support defendant's claim that the lineup was impermissibly suggestive. In order to present a basis for a constitutional argument that a pretrial identification was impermissibly suggestive, it must be shown that law enforce-

ment personnel or the prosecution were responsible for the circumstances giving rise to the claim. *United States v. Venere,* (5th Cir. 1969) 416 F.2d 144; *Griffin v. State,* (1976) 171 Ind.App. 543, 357 N.E.2d 917. Hendrix, a businessman-citizen, acted on his own initiative when he talked to Todd; the matters communicated therein cannot be utilized to bar the testimony concerning the pretrial identification.

The record contradicts defendant's contention that Todd was shown photographs of him prior to the lineup. Defendant has not cited any testimony in the record to support his claim. The record does reveal that Todd, as well as Cheatham, denied they had seen a photograph of defendant prior to the lineup; in addition, Detective Curtis Fendley, who did show Todd thirty photographs of suspects, testified defendant's photograph was not included in those shown to Todd. Defendant's argument has no factual basis.

Nor are we persuaded by defendant's claim the lineup was rendered impermissibly suggestive by virtue of the instructions given to the victims at the lineup. The record merely reveals that each victim was provided with a standard form which read:

> "The subjects facing you are numbered from your left to your right. Below circle the number of the subject(s) you suspect to be involved in your particular incident."

This non-mandatory and neutral statement cannot be said to have somehow rendered the lineup impermissibly suggestive. It in no way suggested the perpetrator was in fact present, nor that the victims were expected to identify someone from the suspects.

Defendant also suggests that testimony concerning Hendrix's reliance on the license plate number given to him at the scene was hearsay improperly admitted at trial; he also asserts the state failed to provide defense counsel with this information prior to trial. However these claims can be said to relate to defendant's challenge to the pretrial identification testimony, the arguments have been waived by defendant's

failure to include them in his motion to correct errors. Ind.R.Tr.P. 59; *Brandon v. State,* (1978) 268 Ind. 150, 374 N.E.2d 504.

The record reveals that the suspects who participated in the lineup bore generally similar physical characteristics, and that the victim-witnesses each viewed the lineup alone. The record simply does not support the defendant's contention that the circumstances surrounding it were unnecessarily suggestive. The testimony concerning the pretrial identification was properly admitted. *Hazzard v. State,* (1980) Ind., 413 N.E.2d 895.

## II.

Defendant also contends the evidence is not sufficient to support the verdict of the jury. His contention is predicated primarily on the argument that the introduction of two handguns was error; in addition, he argues that no positive identification of the weapons introduced at trial was ever made, none of the stolen property or clothing matching that worn by the perpetrators was ever introduced, and that there was no evidence to establish defendant's presence at the scene of the crime.

When this Court is confronted with a challenge to the sufficiency of the evidence, we neither weigh the evidence nor judge the credibility of witnesses. Rather, we examine only the evidence most favorable to the judgment, together with the reasonable inferences which can be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the verdict of the jury, it will not be set aside. *Scott v. State,* (1981) Ind., 426 N.E.2d 1298; *Moon v. State,* (1981) Ind., 419 N.E.2d 740.

Here, the record reveals that both Todd and Hendrix unequivocally identified defendant both at and prior to trial, as one of the two people who committed the robbery at Todd's Grocery Store on March 14, 1980. Todd stated that defendant and his accomplice entered his store, purchased some tuna salad and dressing, and left. The two men returned shortly thereafter,

produced handguns, and announced, "This is a hold up." Defendant held his gun at Cheatham's back; the two men then took approximately fifty dollars from the cash register and approximately fifteen dollars from Cheatham. Todd indicated that one of the two handguns introduced at trial "resembled" the gun used by defendant.

This evidence is sufficient to support the jury's conclusion that defendant was guilty of committing two robberies while armed with a deadly weapon. *Landrum v. State* (1981) Ind., 428 N.E.2d 1228; *Munsey v. State*, (1981) Ind., 421 N.E.2d 1115. Even if the weapons had not been introduced at trial, our conclusion would not be altered; were it otherwise, our review would turn on an evaluation of the credibility of Hendrix and Todd, a prerogative not available to us in the circumstances present here. *Landrum v. State, supra; Munsey v. State, supra.*

To the extent defendant's contention that the handguns were erroneously admitted stands independent from his challenge to the sufficiency of the evidence, the argument has been waived by virtue of his failure to include it in his motion to correct errors. Ind.R.Tr.P. 59; *Landrum v. State, supra; Brandon v. State, supra.*

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.