**Mitchell Ray SEATON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 882S315.

Supreme Court of Indiana.

Feb. 25, 1983.

Glenn A. Grampp, Evansville, for appellant; Lopp, Lopp & Grampp, Evansville, of counsel.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of two counts of Theft, both Class D felonies, Criminal Confinement, a Class B felony, and Rape, a Class A felony. He was sentenced to two terms of two years for the theft convictions, ten years for the criminal confinement convictions and thirty years for the rape. The sentences for the rape and confinement convictions were ordered to run consecutively. The sentences for theft were ordered to be served concurrently.

The record reveals the victim, K.P., was abducted by three men in the parking lot of a grocery store at approximately 5:25 P.M. The three drove her automobile to a remote area. At least two of the men raped her. After binding her hands and feet, the trio left K.P. taking her purse and car. When the crime was reported on the radio, Jean Stephens telephoned the police. She had noticed three men loitering about the parking lot of the grocery when she entered the store about 3:00 P.M. and when she left at about 4:48 P.M. Because she was leery of them, she particularly noticed their appearance. Stephens identified appellant at trial as one of the three men in the parking lot on the day the offenses were committed.

Appellant claims the trial court erred in overruling his motion to suppress the identification testimony of Stephens. Appellant argues her identification was tainted by suggestive pretrial procedure. Previous to the trial of this case, a mistrial had been declared. While waiting outside in the hallway, Stephens had seen appellant in the courtroom in the first proceeding that resulted in a mistrial. She reported to the prosecutor that appellant was one of the men she had seen in the parking lot.

"In order to present a basis for a constitutional argument that a pre-trial identification was impermissibly suggestive, it must be shown that law enforcement personnel or the prosecution were responsible for the circumstances giving rise to the claim." *Robertson v. State,* (1981) Ind., 429 N.E.2d 258, 259–260. No such showing was made by appellant.

Appellant claims the identification was inherently improbable. He cites contradictions between Stephens' descriptions of the perpetrators and other witnesses. When there is a conflict in the testimony, the jury is free to believe whomever they wish. *Duvall v. State,* (1981) Ind., 415 N.E.2d 718.

Appellant additionally cites Stephens' inability to identify his accomplice from the first photographic display and him from the second one presented to her. This Court has held that a witness' inability to identify a defendant from prior photographic displays went to the weight of the in-court identification, not admissibility. *Young v. State,* (1980) Ind., 409 N.E.2d 579.

The trial court did not err in denying appellant's motion to suppress Stephens in-court identification.

The trial court is in all things affirmed.

All Justices concur.