**David LACEY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 185S35.

Supreme Court of Indiana.

Aug. 15, 1986.

Jerry E. Levendoski, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

David Lacey, defendant, appeals his conviction by a jury of burglary[1], a class B felony. He was sentenced to fourteen (14) years imprisonment.

Defendant challenges the sufficiency of the evidence supporting his conviction. Predicated on his assumption that the evidence is insufficient, he also argues the verdict is contrary to law.

 In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

 Defendant concentrates on the inability of an eyewitness to identify him from a photograph array that was displayed to the witness by police. The inability of a witness to identify a defendant from a pre-trial display affects the weight of the witness' testimony. *Seaton v. State* (1983), Ind., 445 N.E.2d 105. It is the province of the jury to weigh any equivocation in identification testimony.

 Defendant further argues that the evidence fails to demonstrate that he broke into a dwelling with the intent to commit theft. He concedes that he was apprehended near the burglarized home and that he had property in his possession that had been taken from the home, but contends that he had gone to this house to talk with the owner, discovered no one was at home, and took some items that were scattered on the porch.

The verdict, however, is supported by several incriminating facts to the contrary. An eyewitness saw defendant break a window and enter a neighbor's home. The witness called the police and while awaiting their arrival, he continued to observe the house. He saw the defendant leave the house after being inside for approximately twenty minutes. As defendant was walking across the yard of the residence, he was apprehended by the police and the witness watched the encounter. The witness positively identified defendant at trial. Subsequent to defendant's arrest, the owner of the burglarized home inspected his house and determined a burglary had occurred during his absence. He also determined several items of his personal proper-

1. Ind.Code 35–43–2–1.

ty had been taken. These items were in defendant's possession when he was arrested.

We find that the jury could reasonably conclude that the defendant was guilty beyond a reasonable doubt.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.