**v.**

**STATE of Indiana, Appellee–Petitioner.**

No. 71A04–9612–JV–516.

Court of Appeals of Indiana.

July 23, 1997.

Louis L. Hegyi, Public Defender, South Bend, for Appellant–Respondent.

Jeffrey A. Modisett, Attorney General, Geoff Davis, Deputy Attorney General, Indianapolis, for Appellee–Petitioner.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Respondent–Appellant D.I.R., a juvenile, appeals from a juvenile adjudication finding her to be a delinquent child for committing the act of possession of marijuana in an amount less that 30 grams, which would be a Class A misdemeanor if committed by an adult.[1]

We reverse and remand with instructions.

### ISSUE

D.I.R. presents one issue for our review: Whether the juvenile court improperly denied her motion to suppress evidence seized by school security at an after-school program.

### FACTS AND PROCEDURAL HISTORY

In March of 1996, sixteen-year-old D.I.R. was attending the Approved Home–Bound Program at LaSalle High School in South Bend, Indiana. The program takes place after normal school hours and is designed for students who have been dismissed from their regular academic course of studies. On March 5th, D.I.R. arrived 30 minutes late for her class.

The school has a policy in place which dictates that every student who enters the school is searched with an electronic wand metal detector. The wand is generally used to detect the presence of a Walk Man, a pager or a weapon according to school security officer Otis Wilson. If the metal detector indicates the presence of contraband, the acting security officer requests the student to remove the item or the officer removes it himself. When D.I.R. arrived late for her class, Wilson had already locked the electronic wand in the principal's office for the evening. Wilson consequently manually searched D.I.R.'s pockets. During this search, he discovered two partially-smoked marijuana cigarettes, a wooden pipe and a package of rolling papers.

On March 8, 1996, the State filed its petition alleging delinquency. Specifically, the

State alleged that D.I.R. committed an act which would be a crime if committed by an adult, to-wit: possession of marijuana as a Class A misdemeanor. On April 3, 1996, D.I.R. filed a motion to suppress, and on April 9th by agreement of the parties, the court held a combined fact-finding and suppression hearing. The court heard testimony and argument and took both the motion to suppress and the petition alleging delinquency under advisement. Thereafter, on June 5, 1996, the court denied D.I.R.'s motion to suppress and found her to be a delinquent child as alleged by the State. A dispositional hearing was held in August of 1996, and D.I.R. was placed on probation. D.I.R. now appeals.

### DISCUSSION AND DECISION

■ D.I.R. contends that the trial court erred when it denied her motion to suppress. Specifically, D.I.R. argues that the search violated her rights under the Fourth Amendment to the United States Constitution and article I, section 11 of the Indiana Constitution to be secure against unreasonable search and seizure. A trial court possesses broad discretion in ruling on the admissibility of evidence and we will not disturb its decision absent a showing of an abuse of that discretion. *Stone v. State*, 671 N.E.2d 499, 501 (Ind.Ct.App.1996).

■ Generally, a judicially issued search warrant is a condition precedent to a lawful search. However, searches conducted by school officials in a school setting are subject to a less stringent standard. The leading case governing searches conducted by public school officials is *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). In *T.L.O.*, the Supreme Court announced that because school officials are state actors fulfilling state objectives, the standard Fourth Amendment prohibition against unreasonable search and seizures applies to school searches. *Id.* at 336–37, 105 S.Ct. at 739–40. However, in balancing the privacy interests of school children against the need for teachers and administrators to maintain order in the public schools, the

---

**1.** Ind.Code 35–48–4–11(1).

Court deviated from strict adherence to the probable cause and warrant requirements. *Id.* at 341, 105 S.Ct. at 742–43. Rather, the Court held that the legality of a student search by a school official will depend simply upon the reasonableness of the search, under all of the circumstances. *Id.*

 The Court adopted a two-prong test, which Indiana subsequently adopted.[2] First, the search must be justified at its inception. Under ordinary circumstances, a student search will be justified at its inception when there are reasonable grounds for suspecting that the search will turn up evidence that the student is or has violated either the law or a school rule. Second, the search must be reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction. *Id.* at 341–42, 105 S.Ct. at 742–43; *S.A. v. State,* 654 N.E.2d 791, 795 (Ind.Ct.App.1995), *trans. denied.*

The State argues that *T.L.O.* and its progeny are inapplicable because those cases involved school officials' target investigation of a particular student; whereas here, the search was routinely conducted on every student and impliedly consented to by the students. While the record supports the contention that every participant in the Approved HomeBound Program was routinely subjected to an electronic wand search prior to entering the classroom, it does not follow that D.I.R. impliedly consented to the intrusive physical search to which she was subjected. The evidence is undisputed that Wilson reached into D.I.R.'s pockets without provocation merely because she arrived late for class.

During argument on D.I.R.'s motion to suppress, the State characterized Wilson's search of D.I.R. as a "kind of improvisational search." (R. 73). The improvisational nature of the search is precisely what renders it constitutionally infirm. While D.I.R.'s privacy rights were indeed somewhat restricted due to her status as a student, a school official's search of her must still meet the reasonableness standard. However, the fur-

ther intrusion of reaching into D.I.R.'s pockets in light of her age, sex and nature of the search was not justified under the circumstances. Accordingly, we reverse and remand with instructions for the trial court to vacate D.I.R.'s delinquency adjudication.

Reversed and remanded.

DARDEN and NAJAM, JJ., concur.

---

2. *See Berry v. State,* 561 N.E.2d 832 (Ind.Ct.App. 1990) (school principal's search of a student's jacket was held reasonable under the *T.L.O.* two-prong test).