*See also Ridenour v. State* (1994) Ind.App., 639 N.E.2d 288, 297 ("To properly enhance [the defendant's] sentence by using [I.C. 35–38–1–7.1], the trial court must explain why [the defendant] is in need of *more* correctional treatment.") (emphasis in original). Ten years is the presumed term of incarceration for a Class B felony.[12] In the instant case, Carlson was sentenced to twelve years incarceration, albeit two years were suspended and he was ordered placed on probation for two years. Nevertheless, the trial court failed to explain why it was necessary to subject Carlson to the additional two years of treatment within a penal facility. Thus, the trial court improperly used this aggravator.[13]

**G.J., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9812–JV–597.

Court of Appeals of Indiana.

Aug. 31, 1999.

Publication Ordered Sept. 13, 1999.

---

Pequita Jay Buis, Buis & Associates, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

G.J. appeals the trial court's denial of his motion to suppress evidence. We affirm.

### ISSUES

I. Whether the school dean was required by law to Mirandize G.J. prior to asking him any questions.

II. Whether the trial court erred by failing to suppress the vial of marijuana due to an alleged search and seizure.

### FACTS

On March 4, 1998, Crime Stoppers reported to police that they had received an anonymous tip that G.J., a Franklin Township Middle School student, had brought marijuana to school. A police officer then relayed the message to the dean's office. On the same day, G.J. was brought to the

dean's office and when Dean Tony Jones asked him if he had marijuana in his possession, G.J. pulled a vial of marijuana from his front right pants pocket.

Subsequently, in court, G.J. moved to suppress any statement he made to Dean Jones on the grounds that she had subjected him to custodial interrogation. He further contends that he did not waive the opportunity to consult with an attorney or his parents prior to interrogation. The juvenile court judge denied G.J.'s motion.

## DECISION

G.J. argues that "the trial court erred in admitting evidence given by [G.J.] to his school dean without advice and waiver of the right to counsel, the right to have his parents present, the right to remain silent, and the right to not give incriminating evidence." Appellant's Brief, p. 11. We disagree.

■■■■ The trial court has broad discretion in ruling on the admissibility of evidence. *S.A. v. State*, 654 N.E.2d 791, 796 (Ind.Ct.App.1995). Thus, we will not disturb its decision absent a showing of an abuse of that discretion. *Id.* Instead, we consider all uncontroverted evidence together with any conflicting evidence that supports the trial court's decision. *Id.*

### I. *Miranda Rights*

■■ G.J. contends that his *Miranda* rights were violated during interrogation by Dean Jones. *Miranda* rights are designed to safeguard the criminal defendant's constitutional rights against compulsory self-incrimination and "only apply to custodial interrogation because they are designed to overcome the coercive and police dominated atmosphere of custodial interrogation." *S.A. v. State*, 654 N.E.2d 791, 797 (Ind.Ct.App.1995).

In *S.A.*, after receiving a tip that a missing book could be discovered in S.A.'s bookbag, the vice-principal asked him whether he had any school property in his possession. Upon being asked to open his bookbag, S.A. admitted to having possession of the book, and eventually admitted that he took it from the guidance office. Later, S.A. contended that he had been interrogated contrary to his *Miranda* rights. The court, however, reasoned that because the questioning took place in the school building by the vice-principal and there was no coercive atmosphere to protect against, the questioning did not constitute custodial interrogation. *Id.* at 798. Therefore, the court held that *Miranda* safeguards were not applicable under the facts and circumstances of that case. *Id.*

■■ In the case at hand, as in *S.A.*, there was no coercive atmosphere to protect against, and G.J. was not in police custody when he was questioned. Moreover, like S.A., G.J. was questioned in his school by a school official, not a police officer. Thus, analogous to our finding in *S.A.*, we find that the *Miranda* safeguards are inapplicable here.

■■■ Citing Ind.Code 31–32–5–1, G.J. also asserts that he was denied the opportunity of having meaningful consultation with his parents before being questioned by Dean Jones. It is well established in Indiana that a child has the right to have his parents present during custodial interrogation. *See Lewis v. State*, 259 Ind. 431, 288 N.E.2d 138 (1972). However, as outlined by this court in *S.A.*, even this additional safeguard is only applicable in cases dealing with custodial interrogation. *See S.A.* at 797. Here because G.J. was not in police custody, was not in a coercive environment, and was not questioned by a law enforcement officer under a coercive environment, the meaningful consultation safeguard does not apply.

### II. *Vial of Marijuana—Alleged Search & Seizure*

■■■ Finally, G.J. claims, as best we can understand his argument, that the trial court erred in admitting the marijuana vial because it was the product of an unlawful search and seizure. However, G.J.

has waived this argument because he did not specifically assert it at the trial court level. In order to preserve a suppression claim, "a defendant must make a contemporaneous objection that is sufficiently specific to alert the trial judge fully of the legal issue." *Moore v. State*, 669 N.E.2d 733, 742 (Ind.1996). "Where a defendant fails to object to the introduction of evidence, makes only a general objection, or objects only on other grounds, the defendant waives the suppression claim." *Id.* At trial, G.J.'s attorney argued the following on the suppression motion:

> Judge, I would object at this time, any statements made by [G.J.], uh, even to this individual who's acting as an agent, an officer of the police, at their direction and request um, clearly, [G.J.] has certain constitutional rights—constitution, to have his parents questioned, when he's in custodial interrogation, the fact that the custodial interrogation takes place through a third party acting as an agent of the officer, is not—the State, nor the city, from the laws and the constitutional requirements of having his parents there, giving him a meaningful consultation with his parents and after that meaningful consultation, allowing him to decide whether he wishes to answer question [sic]. Ms. Jones was acting as an agent of the State, and she is bound by the laws of the State, to give him his constitutional rights.

(R. 52). G.J.'s attorney did not specifically object to the physical evidence of the vial of marijuana obtained during G.J.'s meeting with Dean Jones. Thus, he has waived his objection to the admission of the vial of marijuana.

 Waiver notwithstanding, the vial was not obtained through an unlawful search and seizure. The cases that G.J. cites to support his argument that the vial of marijuana evidence should be suppressed do not support his position. *See D.I.R. v. State*, 683 N.E.2d 251, 252 (Ind. Ct.App.1997); *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). According to our supreme court, to constitute a "search" under search and seizure law the conduct must involve the "prying into hidden places for that which is concealed." *Moran v. State*, 644 N.E.2d 536, 540 (Ind.1994). In both *D.I.R.* and *T.L.O.*, there was an actual physical search of the juveniles by the school officials. However, in this particular case, there is no evidence that Dean Jones searched G.J. Rather, G.J. voluntarily removed the vial of marijuana from his own pocket upon being asked by Dean Jones if he possessed marijuana. Thus, his voluntary relinquishment of the vial of marijuana in this case does not constitute a search. *See Brandon v. State*, 268 Ind. 150, 374 N.E.2d 504, 506 (1978).

For the foregoing reasons, the trial court's denial of G.J.'s motion to suppress his statements to Dean Jones was not erroneous. Accordingly, the trial court's decision to deny G.J.'s motion to suppress is affirmed.

KIRSCH, J., and BROOK, J., concur.

### ORDER

This Court heretofore on August 31, 1999, handed down its opinion in this appeal, marked Memorandum Decision, Not For Publication; and

Comes now the Court and finds that said Memorandum Decision should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. This Court's opinion heretofore handed down in this cause on August 31, 1999, marked Memorandum Decision, Not For Publication, is now ordered published.