v.

**STATE of Indiana, Appellee–Petitioner.**

No. 49A04–9911–JV–504.

Court of Appeals of Indiana.

April 4, 2000.

Sarah L. Nagy, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-respondent D.B. appeals from the juvenile court's adjudication of her delinquency for having possessed marijuana in an amount less than thirty grams, a Class A misdemeanor when committed by an adult.[1] We affirm.

### Issue

D.B. presents a single issue for our review, which we restate as whether the school police officer's search of D.B. was unreasonable under all the circumstances.

### Facts and Procedural History

On the morning of May 11, 1999, Indianapolis Public Schools Police Officer Dawn Austin ("Officer Austin") was doing a routine check of a girls' bathroom at Northwest High School when she smelled cigarette smoke coming from the stalls at the rear of the facility. Officer Austin witnessed D.B. and another student together in the same stall. When D.B. and the other student came out of the bathroom stall, Officer Austin asked them what they

---

1. *See* Ind.Code § 35–49–4–11.

had been doing; she received no response. Officer Austin subsequently conducted a pat down search of the students and discovered a piece of white paper folded in the bib pocket of D.B.'s overalls. She asked D.B. to remove the paper and unfold it; D.B. complied, revealing 2.7 grams of marijuana.

As a result of this incident, the State filed a petition against D.B. alleging her delinquency for possession of marijuana as a Class A misdemeanor. Following a hearing at which Officer Austin testified, the juvenile court found D.B. to be a delinquent child.

## Discussion and Decision

■ At the hearing on the State's petition, D.B. challenged the validity of Officer Austin's pat down search on the grounds that it violated her right under the Fourth Amendment to the United States Constitution to be secure against unreasonable search and seizure.[2] On appeal, D.B. relies heavily on traditional Fourth Amendment principles as a basis for reversal of her delinquency adjudication. However, searches conducted by school officials in a school setting are subject to a less stringent standard. *See New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). In *T.L.O.*, the United States Supreme Court held that a school official's search of a student is not subject to the Fourth Amendment's warrant and probable cause requirements. *Id.* at 341, 105 S.Ct. at 742–43. Rather, the legality of a student search by a school official will depend simply upon the reasonableness of the search, under all the circumstances. *Id.* Accordingly, the Supreme Court formulated a two-prong reasonableness test, which Indiana has since adopted:[3]

First, the search must be justified at its inception. Under ordinary circumstances, a student search will be justified at its inception when there are reasonable grounds for suspecting that the search will turn up evidence that the student is or has violated either the law or a school rule. Second, the search must be reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction.

*D.I.R. v. State*, 683 N.E.2d 251, 252 (Ind. Ct.App.1997) (citing *T.L.O.*, 469 U.S. at 341–42, 105 S.Ct. at 742–43.)

■ In applying the two-prong test to the facts of this case, we cannot say that Officer Austin's pat down search of D.B. was unreasonable under all the circumstances. The search was reasonable at its inception because Officer Austin smelled cigarette smoke coming from the bathroom stalls and observed D.B. and another student together in the same stall – circumstances which Officer Austin characterized as "suspicious." In addition, neither D.B. nor her companion would respond to Officer Austin's inquiry regarding what they had been doing in the bathroom stall. Clearly, D.B.'s nonresponsiveness was one of the circumstances justifying a search to determine the reason for their activity. *Cf. Berry*, 561 N.E.2d at 837 (noting that student's denial that he had marijuana was one of the circumstances justifying the search to confirm or refute his denial).

Moreover, the search was reasonably related to the objectives of the search because Officer Austin conducted only a minimally intrusive pat down of D.B.'s clothing to determine whether D.B. possessed any contraband, cigarettes, or lighters; once she found the marijuana, Officer Austin ceased her search. *See id.* (holding that principal's search of student's jacket was reasonable in scope because a jacket was

---

**2.** While D.B. makes cursory reference to her rights under article I, section 11 of the Indiana Constitution in her appellate brief, her objections at trial were based solely on federal grounds.

**3.** *See Berry v. State,* 561 N.E.2d 832 (Ind.Ct. App.1990).

likely place to find marijuana); *see also* *S.A. v. State,* 654 N.E.2d 791, 795–96 (Ind. Ct.App.1995) (holding that search of student's book bag was reasonable in scope where school officials believed the school's missing locker combination book was in the book bag and confined their search to the same), *trans. denied*; *cf. D.I.R.,* 683 N.E.2d at 253 (holding that school security officer's search of student by reaching into her pockets merely because she arrived late to school was not justified under the circumstances).

A trial court possesses broad discretion in ruling on the admissibility of evidence, and we will not disturb its decision absent a showing of an abuse of that discretion. *D.I.R.,* 683 N.E.2d at 252. We find no abuse of discretion here and conclude that under all of the circumstances presented, Officer Austin's search of D.B. was reasonable.

Affirmed.

NAJAM, J., and ROBB, J., concur.