STATE OF INDIANA ON THE RELATION OF OWEN W. CRUMPACKER *v.* LAPORTE CIRCUIT COURT AND HONORABLE ALBAN M. SMITH, JUDGE THEREOF.

[No. 575S137. Filed December 10, 1975. Rehearing denied February 3, 1976.]

*Richard A. Miller, Owen W. Crumpacker* (pro se), of Hammond, for relator.

*Paul J. Baldoni*, of LaPorte, for respondents.

DeBruler, J.—Relator, a lawyer, brought this original action. He claims that the respondent court made two orders against him without jurisdiction of his person or of the subject matter and moves this Court to require the respondent court to expunge them.

The orders were made on March 24, 1975, and April 29, 1975. The first order required relator, as a condition of his withdrawal as counsel for a party in a civil suit, to deliver his files relating to the case to his former clients and to return funds advanced by them on his contingent attorney fee together with unused funds advanced for pre-trial expenses. In the second order, the respondent court found him in contempt for failure to comply with the March 24th order. On May 22, 1975, relator filed a motion to correct errors addressed to the March 24th order. The record before us does not reveal the disposition made of that motion to correct errors or whether an additional motion to correct errors was addressed to the order of April 29, 1975.

After these events, on June 22, 1975, relator submitted this original action to us. Embedded in the law governing original actions in this Court is the principle that a full and adequate legal remedy by way of appeal forecloses the right to extraordinary equitable relief by way of mandate or prohibition. Ind. R. O. A. (A) ; *State ex rel. Collins* v. *Lake Superior Court, Room Number 4,* (1954) 233 Ind. 536, 121 N.E.2d 731; *State ex rel. Beatty* v. *Nichols,* (1954) 233 Ind. 432, 120 N.E.2d 407; *American Aggregates Corp.* v. *Superior Court of Marion County, Room*

*2*, (1935) 207 Ind. 544, 194 N.E. 148. Here both orders meet the criteria for final judgments. *Thompson* v. *Thompson*, (1972) 259 Ind. 266, 286 N.E.2d 657; *Kalleres* v. *Glover*, (1935) 208 Ind. 472, 196 N.E. 679. Relator has not sought to establish that his appellate rights are inadequate or incomplete, and such was his burden. *State ex rel. Conrad* v. *Hendricks Circuit Court*, (1967) 249 Ind. 141, 231 N.E.2d 145; *State ex rel. Barner* v. *White Circuit Court*, (1958) 237 Ind. 443, 147 N.E.2d 10. Under the allegations, both orders may have been preceded by jurisdictional error and may themselves be jurisdictionally defective. Even so, under these circumstances, relator's remedy is by way of appeal. *State ex rel. Rans* v. *Fulton Circuit Court*, (1960) 240 Ind. 288, 164 N.E.2d 111; *State ex rel. Collins* v. *Lake Superior Court, Room Number 4, supra; State ex rel. Beatty* v. *Nichols, supra; State ex rel. Adams* v. *Hammitt*, (1939) 216 Ind. 237, 24 N.E.2d 30; *State ex rel. Dayton Gravel Road Co.* v. *Board of Commissioners of Tippecanoe County*, (1891) 131 Ind. 90, 30 N.E. 892. An appeal proceeding here is as efficacious as an original proceeding. Restricting parties whose claims have gone to final judgment in the trial court to their appellate rights provides distinct advantage. Claims of legal error and jurisdictional claims will be determined in a single appellate proceeding. The jurisdictional issues will be decided upon a full record and complete briefing.

The permanent writ is denied as was the temporary one.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 338 N.E.2d 261.