STATE OF INDIANA ON THE RELATION OF WILLIAM RENFORTH, M.D. *v.* THE UNION CIRCUIT COURT AND HONORABLE JAMES S. SHEPARD, JUDGE OF THE UNION CIRCUIT COURT.

[No. 677S410.  Filed December 14, 1977.]

*David W. Dennis,* of Richmond, for relator.

*R. Stanley Lawton, James V. Donadio, Ralph A. Cohen,* of Indianapolis, *Frank W. Messer,* of Connersville, for respondents.

DEBRULER, J.—Relator is plaintiff in a suit in the trial court against the Fayette Memorial Hospital Association, Inc., and others. The Honorable James S. Shepard, Judge of the respondent court conducted the trial of that case on January 18 and 19, 1977, and rendered a judgment for the defendants and against relator on February 2, 1977. Relator's motion to correct errors was overruled by respondent on May 19, 1977. After that ruling relator initiated this original action claiming that the respondent was without jurisdiction to conduct the trial, render judgment and overrule the motion to correct errors because the respondent judge's son-in-law was one of the lawyers of record for the defendants below and that such fact caused the disqualification of the judge pursuant to Ind. R. Tr. P. 79, first effective January 1, 1977, which in pertinent part reads as follows:

"(1) Whenever the regular judge . . . of any court or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such person

\* \* \*

(b) is acting as a lawyer in the proceeding. . . .
the venue of which is before such judge, he shall disqualify himself immediately and cause such fact to be certified to the Supreme Court which shall thereupon appoint a special judge."

If as claimed by relator, the above quoted provision is mandatory and jurisdictional, and the conduct of parties cannot prevent its intended divestiture of trial court jurisdiction, then and in that instance, the respondent judge lost jurisdiction over the case on January 1, 1977, the effective day of the provision. Relator did have an opportunity between January 1, 1977 and February 2, 1977 to challenge the exercise of jurisdiction by the trial court over the case. This was, there-

fore, the sort of jurisdictional claim which could have been brought to this Court by way of an original action prior to final judgment. As relator did not avail himself of this opportunity, his remedy is by way of appeal. *State ex rel. Crumpacker* v. *LaPorte Circuit Court*, (1976) 264 Ind. 27, 338 N.E.2d 261.

The permanent writ is denied.

Prentice and Pivarnik, JJ., concur; Givan, C.J., and Hunter, J., dissent without opinion.

NOTE.—Reported at 369 N.E.2d 1077.