402 N.E.2d 1244 (1980)
Conchita M. WASHINGTON, Appellant,
v.
STATE of Indiana, Appellee.
No. 879S219.
Supreme Court of Indiana.
April 15, 1980.
*1245 Patrick Brennan, Brennan & Brennan, South Bend, for appellant.
Theodore L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.
HUNTER, Justice.
Defendant, Conchita M. Washington, was convicted by a jury of conspiracy to commit a robbery while armed, Ind. Code §§ 35-41-5-2 *1246 and 35-42-5-1 (Burns 1979 Repl.), and robbery while armed, a class A felony, Ind. Code § 35-1-42-5-1 (Burns 1979 Repl.), and sentenced to two concurrent twelve-year terms of imprisonment. She now appeals raising the following issues:
1. Whether the actions of the trial judge in the apprehension and production of a state's witness constituted misconduct on the part of the judge as an active participant and advocate in the state's prosecution of defendant;
2. Whether the trial court erred in allowing the state to reopen its case for the testimony of a state's witness in the midst of defendant's presentation of evidence; and
3. Whether the trial court erred in admitting the testimony which was allegedly outside the scope of the conspiracy, highly prejudicial and allowed without defendant being apprised of the testimony.
The above allegations of error all arise out of the following events surrounding the testimony of one Donald Dockery, a state's witness.
On Friday, January 19, 1979, the state rested its case prior to the noon recess. After the recess, defendant put thirteen witnesses on the stand. The court then adjourned for the weekend. Also on Friday, the state informed the trial court that a subpoena had been served on Donald Dockery and he failed to appear in court. The judge issued a bench warrant for Dockery's arrest. On Saturday evening, the prosecuting attorney contacted the trial judge and informed him that Dockery had barricaded himself in an apartment. Dockery's girlfriend and a small child were also reported to be in the apartment. The judge advised the prosecutor to obtain a search warrant in order to gain entrance to the apartment. The prosecutor drew up the probable cause affidavit for a search warrant at the South Bend Police Department and again called the judge informing him that the affidavit was ready. The judge agreed, in the interest of time, to meet with the prosecutor at the police station. The judge arrived at the police station, examined the affidavit, found that probable cause existed and issued a search warrant. Donald Dockery was apprehended and taken to jail. On Monday morning, January 22, 1979, defendant moved for a mistrial because of the events over the weekend which allegedly received some publicity. The motion was denied. The judge then allowed the state, over defendant's objection, to place Dockery on the stand. After Dockery testified, defendant resumed the presentation of her case.

I.
Defendant's motion for mistrial was based primarily on the publicity surrounding the judge's actions over the weekend. The judge did voir dire each individual juror and each responded that he or she did not hear, read or see any of said publicity.
On appeal, defendant alleges that the trial judge's actions over the weekend constitute misconduct or a showing of prejudice on the part of the judge:
"A fair trial by an impartial judge and jury is an essential element in due process." Kennedy v. State, (1972) 258 Ind. 211, 218, 280 N.E.2d 611, 615.
In Kennedy, this Court reversed a defendant's conviction because the trial judge had "lost his appearance of impartiality" and "removed his robes and donned the cap of the prosecutor." 258 Ind. at 222, 280 N.E.2d at 618.
But in that case the judge had engaged in extensive interrogation of four witnesses: two court-appointed psychiatrists, one psychiatrist who was a defense witness and another defense witness. This Court found the interrogation to be highly argumentative and designed to impeach the credibility of witnesses who testified favorably to defendant.
Here, none of the trial judge's actions took place in the presence of the jury. The voir dire revealed that the jury was completely unaware of the actions in question. The conversations between the prosecuting attorney and the judge had nothing to do with questions, issues, facts or the *1247 disposition of the case. (See 23 C.J.S. Crim. Law § 987, p. 1002.)
The judge in this case, upon request of the prosecutor, made himself available for a probable cause determination in aid of his jurisdiction. The events of Saturday, January 20, 1979, were aimed at effectuating the prior subpoena and bench warrant. Why the judge suggested and the prosecutor sought a search warrant is a mystery. We do not have the warrant in the record before us, but it appears that the item to be seized was Donald Dockery, not property as authorized under our search warrant statute. Ind. Code § 35-1-6-1 (Burns 1979 Repl.). The bench warrant for Dockery's arrest was sufficient. Nevertheless, we do not find that the judge's actions in assisting the enforcement of his own warrant in this case were improper.

II.
Defendant alleges that the trial court erred in allowing the state to reopen its case for Dockery's testimony in the midst of defendant's presentation of evidence. Defendant concedes that it has long been held in this state that allowing a party to reopen its case after it has rested is a matter of discretion for the trial court. Unless clear abuse of that discretion is shown, this Court will not interfere with such a decision by the trial court. Maxey v. State, (1969) 251 Ind. 645, 244 N.E.2d 650.
Defendant contends that the trial court abused this discretion by interrupting defendant's presentation of evidence. Defendant contends that whether a trial court can allow the interruption of a defendant's case in permitting the state to reopen its case is a new question of law before this Court. However, this very practice was held not to exceed a "fair and safe discretion" where the defendant had an "opportunity to meet and controvert the testimony." Merrick v. State, (1878) 63 Ind. 327, 331-2. A similar interruption was permitted in Kahlenbeck v. State, (1888) 119 Ind. 118, 21 N.E. 460.
A similar discretion exists in the federal courts.
"In determining whether that discretion was properly exercised, relevant factors to consider are whether the evidence surprised the defendant, whether the defendant was given adequate opportunity to meet the proof, and whether the evidence was more detrimental to the defendant because of the order in which it was introduced." United States v. Dossey, (8th Cir. 1977) 558 F.2d 1336, 1339.
Defendant here was given ample opportunity to meet the proof. Defense counsel extensively cross-examined witness Dockery and put several witnesses on the stand after Dockery testified. One witness was called expressly for the purpose of impeaching Dockery's testimony. That witness testified as to Dockery's reputation for peace and quietude and honesty. Dockery was listed on the state's revised witness list filed two weeks before Dockery testified. Therefore, defendant should not have been surprised by this witness.
The testimony of Donald Dockery was detrimental to defendant, to be sure. We do not believe that the testimony was any more detrimental to defendant because of the order in which it was presented. The testimony was original evidence and in no way offered as a rebuttal to defendant's evidence offered immediately previously thereto. Defendant's case had already been interrupted by the weekend recess. Dockery testified at the earliest possible time after his apprehension. Defendant was not prejudiced by the time of this testimony and the trial court did not err in allowing the state to reopen its case at the time it did.

III.
Defendant also claims that Dockery's testimony was inadmissible because it was outside the scope of the conspiracy and highly prejudicial.
Dockery's testimony consisted of three different conversations he had. He testified that, on one occasion, defendant asked him to take part in the robbery. He testified that, after the robbery, defendant *1248 asked him to assist her in killing Ernest Hursey, a state's witness. Dockery also testified that Emanuel Newman, defendant's son, offered a bribe and threatened to kill Dockery.
Clearly, evidence of defendant's attempts to enlist Dockery in the conspiracy is within the scope of the crime charged. The attempt to enlist Dockery in a scheme to kill a state's witness constitutes an attempt to suppress evidence. Any testimony tending to show an attempt to conceal or suppress implicating evidence is relevant as revealing consciousness of guilt. Elliott v. State, (1972) 258 Ind. 92, 279 N.E.2d 207.
Defendant's argument regarding Dockery's testimony about Emanuel Newman's bribe attempt and threats is vague. At the end of the trial, defendant "renewed" her motion for mistrial because of this testimony. However, the only prior motions for mistrial concerning the testimony of Donald Dockery were grounded on the actions of the judge and publicity in apprehending the witness and the identification of a photograph by the witness. Prior to the testimony, defense counsel stated:
"Now Mr. Krisor [the prosecuting attorney] told me this morning about some other party having a conversation [with Dockery] outside of the presence of the defendant and I feel that that's certainly objectionable."
This statement is apparently a reference to Emanuel Newman's conversation with Dockery. However, there was no motion made at that time. When Dockery testified as to what Newman said, defense counsel's only objections concerned the conclusory nature of the testimony, not relevancy or hearsay. We find that defendant has waived this error by failing to object. Newbauer v. State, (1928) 200 Ind. 118, 161 N.E. 826.
The bulk of defendant's argument as to the testimony of Donald Dockery relates to the fact that defendant was not apprised of the content of this testimony beforehand. The state had no written statement of the witness or written report by anyone who had questioned the witness in its possession. Defendant asks us to expand the rule of Antrobus v. State, (1970) 253 Ind. 420, 254 N.E.2d 873, to require that a crucial witness's testimony be divulged regardless of whether a written record has been made. We decline to do so. Such a rule would prove unworkable and overly burdensome. Defendant had ample opportunity to interview this witness. If defendant had been unable to locate the witness, which seems likely in light of the prosecutor's troubles in this regard, the proper remedy would have been to seek a continuance. Siblisk v. State, (1975) 263 Ind. 651, 336 N.E.2d 650. Defendant did not move for a continuance here.
For the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.
Judgment affirmed.
GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.