STATE of Indiana, ex rel., John H. MEYERS, Prosecuting Attorney for the Twenty-Third Judicial Circuit, Relator,

v.

The TIPPECANOE SUPERIOR COURT and The Honorable Raymond Gollmitzer, as Judge Thereof, Respondent.

No. 682S227.

Supreme Court of Indiana.

Aug. 25, 1982.

John H. Meyers, Pros. Atty., Daniel A. Lane, Deputy Pros. Atty., Lafayette, for relator.

Brent L. Westerfeld, Public Defender, Lafayette, for respondent.

GIVAN, Chief Justice.

On June 15, 1982, this Court issued an Alternative Writ of Mandamus and Writ of Prohibition against Respondent. The writ compelled Respondent to partially rescind its March 16, 1982, "Order Setting Omnibus Hearing". Respondent filed a Return in Opposition to Relator's Petition for Writ of Mandamus and Writ of Prohibition on June 26, 1982. We hereby order the writ made permanent.

This case commenced with the filing of a criminal information against two defendants in Respondent court by Relator. On March 16, 1982, Respondent entered an "Order Setting Omnibus Hearing", directed to both Relator and the defendant (one defendant had plead guilty by that time). The order, *inter alia*, ordered the parties "to complete all discovery and submit a joint report of trial readiness to the court on the ... omnibus date". In addition the order stated, "report of trial readiness" was to include "[a] list of State's witnesses and each witness's expected testimony with respect to each essential element of each of-

fense charged." In addition the record includes a copy of a form captioned "Joint Report of Trial Readiness", apparently the form supplied to the parties for the latter's use in meeting the requirements set forth in Respondent's aforementioned order. This form called for the State to reveal the names of all its witnesses, a summary of their testimony, and the element of the offense and/or the exhibit about which each would testify.

Relator filed an "Objection To and Suggestions for Modification of Order Setting Omnibus Hearing" on April 7, 1982. Through this petition Relator objected particularly to that portion of Respondent's order requiring disclosure of "each witness's expected testimony with respect to each essential element of each offense charged." Respondent held a hearing on April 19, 1982, to hear Relator's arguments with respect to the "Objection", which was denied April 30, 1982.

Respondent defends his right to enter the order challenged here as grounded in the trial court's inherent power to control the proceedings through utilization of discovery procedures. Respondent cites *State ex rel. Keller v. Criminal Ct. of Marion Co.*, (1974) 262 Ind. 420, 317 N.E.2d 433, for that proposition and as authority for the proposition the trial court has discretionary power to *sua sponte* compel this kind of broad reciprocal discovery. Respondent contends there has been no showing of abuse of discretion in this case. We disagree.

The scope of discovery permitted in criminal cases is increasing. We have recognized reciprocity is the key element in discovery in criminal proceedings. *See, e.g., Spears v. State*, (1980) Ind., 403 N.E.2d 828; *State ex rel. Grammer v. Tippecanoe Circuit Ct.*, (1978) 268 Ind. 650, 377 N.E.2d 1359; *State ex rel. Keller, supra.* However, the mere fact the other side in a criminal case is compelled to divulge the same or substantially similar information does not necessarily mean the information sought is discoverable. For example, in *State ex rel. Grammer, supra*, this Court held discovery by use of interrogatories directed to the prosecu-

tor, when the desired information can be obtained by other means is improper. In *Brandon v. State*, (1978) 268 Ind. 150, 159, 374 N.E.2d 504, 509, we recognized the defendant cannot compel discovery from the State such that the State is required to " 'lay bare its case in advance of trial,' " *quoting from, Bernard v. State*, (1967) 248 Ind. 688, 692, 230 N.E.2d 536, 540. In *Hickman v. Taylor*, (1947) 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, the United States Supreme Court established the principle that an attorney's "work product" was beyond the reach of any discovery procedure. In *Spears, supra*, we recognized an attorney's work product in a criminal case is not discoverable so long as the work product objection is timely made. *See also, United States v. Nobles*, (1975) 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141; *Hergenrother v. State*, (1981) Ind.App., 425 N.E.2d 225; *George v. State*, (1979) Ind.App., 397 N.E.2d 1027.

■ We believe the information sought by Respondent in this case encroaches significantly on the protection we have recognized must be extended to the work product of the attorney. In *Hickman, supra*, the Supreme Court provided a workable description of "work product", including as examples thereof "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs . . . ." *Id.* at 511, 67 S.Ct. at 393, 91 L.Ed. at 462. Here Respondent sought to compel Relator to reveal "each witness's expected testimony with respect to each essential element of each offense charged". In addition the "Joint Report of Trial Readiness" supplied by Respondent calls for information such as whether the State will use the prior criminal record of the defendant, and whether or not the State will use prior acts or convictions of the defendant as evidence of intent, knowledge, or notice. We do not view the information sought as being innocuous and trifling as Respondent would have us believe. In seeking such information, Respondent claims he is "attempting to clarify his understanding of the case prior to the time it goes to trial". We are not persuaded that his motive justifies the act. Respon-

dent's authority to guide and control the proceedings before it does not go so far as to permit forced disclosure of Relator's work product. *See, State ex rel. Grammer, supra; George, supra; Hergenrother, supra.*

This Court has held the right to reciprocal discovery does not include the right of either side to compel the other to "lay bare its case in advance of trial nor that the criminal defendant be allowed a fishing expedition . . . ." *Bernard, supra*, 248 Ind. at 692, 230 N.E.2d at 540. *See also, Brandon v. State*, (1978) 268 Ind. 150, 374 N.E.2d 504; *Reid v. State*, (1978) 267 Ind. 555, 372 N.E.2d 1149; *Dillard v. State*, (1971) 257 Ind. 282, 274 N.E.2d 387.

Relator also argues the challenged order is "unfairly and unreasonably burdensome and oppressive". He cites *Washington v. State*, (1980) Ind., 402 N.E.2d 1244, for its holding the State is not required to divulge a witness's testimony in advance of trial, absent the witness having given a prior written statement or absent any representative of the State having made a written report summarizing questioning of the witness. In that case we held, "Such a rule would prove unworkable and overly burdensome." *Id.*, 402 N.E.2d at 1248.

■ We agree with Relator's contention that compliance with Respondent's order would pose an onerous burden by requiring Relator to, in effect, prepare each case for trial twice, once for the purpose of preparing the "Joint Report of Trial Readiness" and later, just shortly before trial, for the trial itself. Relator claims in order to determine "each witness's expected testimony with respect to each essential element of each offense charged" will require his office to conduct extensive research, interview witnesses, and make use of other investigatory devices well in advance of trial. Then just prior to trial, Relator asserts, he will be required to go over some of these same steps again for the purpose of refreshing the memory of witnesses and generally preparing the witnesses for trial. This duplication of effort, Relator asserts, constitutes an oppressive burden. We agree with Relator in this regard.

Finally, we find disturbing Respondent's failure to provide us with any assurances as to what limitations, if any, he might impose on his own use of the information sought. We have stated:

"A trial judge is not required to take an active part in the trial of the cause to assist or override counsel in the strategies employed in examining witnesses, objecting or failing to object and in generally managing and directing the lawsuit." *Henderson v. State*, (1979) Ind., 395 N.E.2d 224, 227.

We see in Respondent's order great potential for abuse of the general prohibition noted above. By finding certain responses inadequate and exercising his discretion to order supplementation of Relator's responses, Respondent could become the manager or overseer of Relator's cases. To do so would be in contravention of his duties as a neutral magistrate and would significantly interfere with the orderly administration of the criminal justice system.

The temporary writ previously issued in this case is hereby made permanent.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

In *State ex rel. Keller v. Criminal Court of Marion County*, (1974) 262 Ind. 420, 317 N.E.2d 433, this Court stated:

"The object of a trial is the discovery of the truth. A trial judge has the responsibility to direct the trial in a manner which facilitates the ascertainment of that truth. The power to order discovery is 'grounded in the inherent power of the trial court to guide and control the proceedings.' *Johns v. State* (1968), 251 Ind. 172, 240 N.E.2d 60, 64. When a trial judge orders discovery, the party so ordered must do more than point out that the order is unusual or innovative. The State suggests that in respect to supplying relevant grand jury minutes of witnesses who are to testify at trial the expense would be so enormous as to make the ordering of these an abuse of the trial court's discretion. Yet, there are no data offered in support of this claim. Of course, the judge may consider expense as one of the factors applicable to the exercise of his discretion. Nevertheless, criminal discovery is designed to improve the efficiency of the criminal justice system. The idea of a trial as a sport or game is not only a reflection on the judicial process, but it is wasteful of human intelligence and technique. The discovery order was within the discretionary power of the trial judge to guide and control the trial in the best interests of justice." 262 Ind. at 423, 317 N.E.2d 433.

I regard the respondent in this case to be well within the confines of his jurisdiction in making the order complained of here. The form upon which the relator was to manifest his compliance with the order permitted only one line responses. Respondent stated at our hearing that it was clear to all that the summary of expected testimony was to be very brief, and I gleaned from his statement and the written form that he expected the one line summary to be connected with the elements of the offense or exhibit by reference to single key words such as: identity, value, confession, fingerprints, and the like. To me, to require counsel to reveal their knowledge of the essential elements of their claims and the evidence by which they propose to prove those elements, serves two important functions. First, the revelation demonstrates that counsel are adequately prepared for trial, and have evaluated their legal positions. The court thereby knows that counsel are ready for trial, and that a postponement of trial or mistrial will not likely occur because of lack of preparedness. Second, the revelation alerts the court to problems peculiar to the case which it may be called upon to face at trial, and permits it to prepare to meet those. There is nothing so beneficial to the interests of justice as lawyers and judges prepared to do their jobs.