STATE of Indiana ex rel. William B. KEATON, Prosecuting Attorney for the 65th Judicial Circuit, Relator,

v.

The CIRCUIT COURT OF RUSH COUNTY and the Honorable G. Richard Pile, as Judge Thereof, Respondents.

No. 1184S460.

Supreme Court of Indiana.

April 3, 1985.

William B. Keaton, Pros. Atty., David R. Butsch, Deputy Pros. Atty., Rushville, for relator.

Susan K. Carpenter, Public Defender, Paul Levy, William Touchette, Deputy Public Defenders, Indianapolis, for defendant-below.

ORIGINAL ACTION

GIVAN, Chief Justice.

On November 27, 1984, this Court issued an Alternative Writ of Mandamus against respondent. The writ compelled respondent to expunge an "Order to Produce" of September 10, 1984, and a "Discovery Order" of October 19, 1984, insofar as they purported to order relator to produce verbatim copies of police reports. Pursuant to Ind.R.O.A. 5(A) respondent filed a return contesting the writ. We hereby order the writ be made permanent.

On November 7, 1983, relator filed an information charging the defendant in this case, David Kidd, with one count of murder. Kidd filed several discovery motions, the third of which requested copies of all police reports. Relator responded to the third discovery motion on January 23, 1984, by objecting to production of the police reports.

Kidd filed a fourth discovery motion on June 18. On June 20 relator filed a "Motion for Protective Order," which was granted by respondent on that date. Kidd then specifically requested the production of three police reports in his September 6 "Verified Supplemental Motion to Produce." On September 10 respondent ordered relator to produce the reports within ten days.

Two days later relator, again objecting to production of police reports, filed a "Motion to Strike Order to Produce Evidence." The motion was denied, but apparently notice was not furnished to either side. On September 28 Kidd filed a "Verified Motion to Compel Discovery." Following an October 16 hearing on that motion, respondent on October 19 ordered relator to "produce verbatim copies of the police reports" on or before October 22.

In the discovery order respondent entered the following findings: that relator had fully complied with all discovery motions and orders, except that relator had objected, and continued to object, to production of verbatim copies of police reports; that relator had permitted defense counsel to inspect all police reports to determine if such reports contained exculpatory evidence; and that *State ex rel. Keller v. Criminal Court of Marion County* (1974), 262 Ind. 420, 317 N.E.2d 433, requires production of verbatim copies of police reports by the State. Respondent subsequently granted relator's request for a one-month extension of time to comply with the order.

The issue before us is whether the respondent court exceeded its jurisdiction by ordering pretrial discovery of verbatim copies of police reports over relator's work product objection. In contesting the writ, respondent asserts that *State ex rel. Keller* requires production of police reports by the prosecution and that any work product privilege enjoyed by relator was waived when relator permitted defense counsel to examine the reports. Relator, by way of response to the return, contends that because police reports constitute the work

product of the prosecuting attorney they are not discoverable, and further that the use of verbatim police reports by the defense at trial is subject to abuse.

Initially, we do not agree with respondent's assertion that *State ex rel. Keller* mandates a trial court to compel pretrial discovery of verbatim copies of police reports. In that case, this Court held that a trial court has the inherent power to balance discovery privileges between parties. "The key to the entire principle of discovery in criminal cases is that of reciprocity, the balancing of the right to discovery on both sides." *Id.* at 428, 317 N.E.2d at 438. Beyond setting forth the principle that discovery is to be reciprocal, the decision does not purport to define the scope of discovery or to mandate the production of certain materials.

■ While the recent trend has been to broaden the scope of discovery in criminal cases, the fact that the other side may be compelled to divulge the same or substantially similar information does not necessarily mean that the information sought is discoverable. *State ex rel. Meyers v. Tippecanoe Superior Court* (1982), Ind., 438 N.E.2d 989 (DeBruler, J., dissenting); *see Partlow v. State* (1983), Ind., 453 N.E.2d 259. The inherent power of a trial court to guide and control discovery is subject to limitations, some of which have been explicitly delineated by this Court. *State ex rel. Meyers, supra* (prosecution cannot be compelled to produce each witness's expected testimony); *Spears v. State* (1980), 272 Ind. 634, 403 N.E.2d 828 (witness statements taken by defense not subject to pretrial discovery over timely work product objection); *Brandon v. State* (1978), 268 Ind. 150, 374 N.E.2d 504 (State not compelled to "lay bare its case in advance of trial").

■ We have recognized that in criminal litigation protection must be extended to the attorneys' work product. *State ex rel. Meyers, supra; Spears, supra.* The work product doctrine protects materials prepared by agents for the attorney as well as those prepared by the attorney himself. *United States v. Nobles* (1975), 422 U.S.

225, 95 S.Ct. 2160, 45 L.Ed.2d 141; *Spears, supra.* Protection should therefore be afforded to police reports which, as contended by relator, constitute the work product of the prosecuting attorney.

Where, as in the instant case, a timely work product objection has been made, a trial court's authority to control discovery does not extend to compelling production of verbatim copies of police reports. That is not to say, of course, that factual information contained in such reports, such as the names of witnesses to be called at trial, is not discoverable. Production of complete police reports, however, would place an undue burden on the prosecuting attorney. The prosecution would be forced to excise non-discoverable information from copies of reports it has been compelled to produce.

Further, the use of verbatim copies of police reports by the defense at trial is subject to abuse. In opposing relator's petition for the writ, defense counsel argued that it is incongruous for relator to allow examination of the requested reports in his office, then attempt to invoke a work product privilege to prevent production of verbatim copies of the reports. We find no incongruity, for there is a significant difference between examining the reports on one occasion, in a search for specific information, and having the opportunity to carefully study the reports and have them available at trial. Defense counsel cognizant of the theories and speculations of the investigating officers could subject the officers to misleading and unfair cross-examination.

██ Respondent also asserts that any work product privilege enjoyed by relator was waived when he allowed defense counsel to examine the reports. We do recognize that the work product privilege is qualified and, as such, can be waived. *Nobles, supra; Spears, supra.* "What constitutes a waiver with respect to work product material depends, of course, upon the circumstances." *Nobles, supra* at 239 n. 14, 95 S.Ct. at 2171 n. 14, 45 L.Ed.2d at 154 n. 14.

██ In the circumstances presented here, we find no waiver of relator's work product privilege. By allowing defense counsel to examine the reports, relator was complying with his affirmative duty to disclose exculpatory information not otherwise revealed through discovery. *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. Relator's compliance with that duty does not constitute a waiver with respect to the requested work product material.

We hold that a trial court in a criminal proceeding does not have the inherent power to order production of verbatim copies of police reports over the timely work product objection of the prosecuting attorney. Consequently the respondent court exceeded its jurisdiction by ordering production of the police reports.

The alternative writ previously issued in this case is hereby made permanent.

PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with separate opinion in which HUNTER, J., concurs.

DeBRULER, Justice, dissenting.

In this case, the trial judge sought to maintain a balanced approach in superintending pre-trial discovery between the defense and the prosecution. When the second set of counsel took over the defense and procured a broad discovery order, the judge granted a protective order to the prosecution, which in substance would have required the second set to first exhaust the potential of contact with the first set as a source of information. The first set had inspected the prosecutor's files, which included the items of which the prosecution now claims in this court that the second set should not get a copy. The second set returned to court and procured an order that three police reports, identified by naming the police officers who made them and by the date they were made. These reports had been inspected by the first set of defense counsel while being maintained under the control and possession of the prosecution. Instead of asking for a new protec-

tive order to limit the use of such copies at trial to reasonable and lawful purposes, the prosecution sought to strike the order *in toto*. If as the majority believes, possession by defense counsel of copies of these documents, as distinguished from knowledge by defense counsel of the content of the documents gained through their actual inspection, provides an intolerable potential for harassment and abuse of police officer witnesses during cross-examination, surely, protective orders and in-trial rulings by the presiding trial judge are the proper means for dealing with that potential, and not writs of mandate and prohibition by the state supreme court. This writ should be denied because relator did not seek the plainly adequate legal remedy of a protective order from the respondent court, which would have provided a record of litigation focusing upon the issue of whether a copy injures state interests, while inspection does not.

This writ should also be denied because Relator has failed to establish a *prima facie* case here. Such was his certain duty. *State ex rel. Crumpacker v. LaPorte Circuit Court* (1975), 264 Ind. 27, 338 N.E.2d 261. Absent here from the showing are the form, nature, and intended uses of "police reports." Counsel for the parties at the trial level and before us at hearing appear to know about police reports. Four justices of this court feel confident in their information about police reports. However, the record leaves me in the dark, and on this basis alone, I must vote to deny the writ.

This writ should not be granted through application of the work product doctrine. That doctrine protects the machinations of lawyers and their legal staffs, not law enforcement officers engaged in their day to day filed work. Furthermore, law enforcement officers in Indiana are of mature age and skilled in their profession. Many have a college education or its equivalent. At this point in time, all have received basic training at the Law Enforcement Academy which includes courses in its curriculum which teach the proper manner of testifying and presenting evidence in court. They are trained observers and know the difference between fact and opinion. In short, they are professional witnesses who are paid to do that work for us. They are better prepared than most folks to deal with efforts by lawyers to embarrass or harass them in court through cross-examination. I cannot but believe that law enforcement officers would agree that they do not need special protection against being taxed in court during cross-examination with their own formal written statements regarding a case. I would not grant this writ on the basis of the work product doctrine, because that doctrine was not intended to provide protection for day-to-day police reports, and at this day in age the police don't need that special level of protection anyway.

HUNTER, J., concurs.