Howard R. BURNS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 18S04–8708–CR–790.

Supreme Court of Indiana.

Aug. 27, 1987.

J.J. Paul, III, James H. Voyles, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Howard R. Burns petitions for transfer following an adverse decision in the Court of Appeals, *Burns v. State* (1986), Ind.App., 500 N.E.2d 1243. Transfer is granted. Defendant presents three issues, only one[1] of which we need address: whether the trial court erred in refusing to allow defense counsel to adequately review, transcribe, and use prior tape-recorded statements of a major State witness for purposes of cross-examination. We reverse.

Defendant sought, and the trial court ordered, pre-trial discovery of all witness statements given to the prosecutor prior to trial. The State repeatedly insisted that it

---

1. Another issue presented by defendant involved the admissibility of a prior unrelated conviction of an associate of defendant for promoting prostitution. The Court of Appeals correctly held that the trial court erred in admitting the evidence because it had no relation to the issues in defendant's case. Because of our holding today, we need not address the question of harmless error and note that the introduction of such evidence should be prohibited on retrial.

had complied with the discovery order. On cross-examination, the State's first witness revealed that she had given recorded statements to prosecution authorities during the initial stages of the investigation. In a hearing outside the presence of the jury, the prosecutor admitted that the State possessed these tapes, plus recorded statements of other witnesses, but had inadvertently failed to disclose them to the defense. The trial judge then recessed the trial for the day and permitted defense counsel to listen to the 2½ hours of tapes and to take notes, but advised counsel to be prepared for continuing his cross-examination the next morning. When the trial reconvened the next morning, defense counsel moved for a mistrial due to the State's violation of the discovery order, and, in the alternative, for a continuance to have the tapes transcribed for use in cross-examination. The State argued, *inter alia,* that the tapes were devoid of any material content helpful to the defense, and that defense counsel already had adequate opportunity to review the tapes. Moreover, the State objected to "further discovery" of the tapes on the grounds that they were protected by the work-product privilege, and that the State had a paramount interest in non-disclosure because the tapes contained irrelevant material regarding continuing investigations in other cases.

Without reviewing the tapes, the trial judge stated that "these particular tapes appear to be the work product of the prosecutor as and in the nature of police reports," and were "subject to being utilized by the defense for misleading and unfair cross-examination." The trial court denied defense counsel's motion for continuance, refused to allow counsel to introduce the tapes into evidence for impeachment purposes, and directed defense counsel to "refrain from reference of the particular tapes...."

A defendant has a right to discover a witness's statement for purposes of cross-examination under the rule set forth in *Antrobus v. State* (1970), 253 Ind. 420, 254 N.E.2d 873, 876–77:

First, the defendant must lay the proper foundation for his motion or the trial

court may properly deny it. An adequate foundation is laid when: (1) The witness whose statement is sought has testified on direct examination; (2) A substantially verbatim transcription of statements made by the witness prior to trial is shown to probably be within the control of the prosecution; and, (3) The statements relate to matters covered in the witness' testimony in the present case.

After laying this foundation, the defendant may move the trial court to require the State to produce such statements for use by the defense in cross examination and impeachment of the witness. If the foundation is proper the trial court must grant the motion and order the statements turned directly over to the defendant *unless* the State alleges: (a) There are no such statements within the control of the State. The trial court must conduct a hearing on the conflicting claims of the parties to resolve this issue. (b) There is a necessity for keeping the contents of the statements confidential. (c) The statement also contains matter not related to the matters covered in witness' testimony and the State does not wish to reveal that portion. In the latter two cases the statements need not be given directly to the defendant but should be given to the trial court for his decision concerning the State's claim. If the trial court agrees with the State then on (b) and (c) the trial court may deny defendant's motion or turn over to the defendant only the relevant portion of the statement.

*See also, Dillard v. State* (1971), 257 Ind. 282, 274 N.E.2d 387, 393 ("the trial court has the power to permit the pre-trial production of such statements upon the laying of an *Antrobus* -type foundation tailored to fit the pre-trial situation....")

■ Citing *State ex rel. Keaton v. Circuit Court of Rush County* (1985), Ind., 475 N.E.2d 1146, the State contends that the concealed statements were akin to "investigative notes," and thereby were protected work product of the prosecutor. *Keaton* held that a trial court was not authorized to

order production of verbatim copies of police reports over the timely work product objection of the prosecuting attorney. In the present case, however, the issue is discoverability of recorded witness statements, not police officers' personal investigative reports. We are unwilling to permit expansion of the *Keaton* work-product rationale to impair the discovery and use of statements in accordance with *Antrobus*. While pre-trial discovery is subject to the sound discretion of the trial court, once a witness testifies, any prior verbatim statements must be made available to the defense unless the State asserts paramount necessity for confidentiality or inclusion of unrelated matter in the statement, pursuant to *Antrobus*. The "work-product" privilege is certainly not grounds for concealment once the witness has testified. Upon assertion of one of the proper grounds by the State, the trial court should review the statement for decision concerning the State's claims.

Because the trial court applied the work-product privilege to protect prior verbatim statements of a witness who had already testified on direct examination, and because it failed to conduct an *in camera* review of the prior statements to determine the State's claims of paramount necessity and irrelevancy, this is not a matter upon which the trial court's decision resulted from the exercise of its discretion. By effectively denying defendant the opportunity to adequately review, transcribe, and use the witness's prior statements for cross-examination purposes, the trial court's rulings substantially prejudiced defendant and impaired his right to a fair trial. Accordingly, we grant transfer, vacate the decision of the Court of Appeals, reverse the conviction, and remand the case for a new trial.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN, J., dissents with opinion in which PIVARNIK, J., concurs.

CRIMINAL PETITION FOR TRANSFER

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. The trial judge denied appellant's motion for mistrial based upon the fact that copies of certain tapes were not furnished to him. The State had in fact permitted appellant to listen to the tapes. When appellant asked for a continuance in order to make copies and transcripts of the tapes, the State objected on the ground that there were no material differences between the tapes and the video tape statements which defense counsel already had.

In addition, the State argued the tapes were work products of the prosecutor which involved ongoing related prostitution cases. The release of this information would jeopardize further investigation in those cases. The State demonstrated to the trial judge that appellant had in fact received all of the information which was pertinent in his case and that the additional material requested by appellant contained information that would jeopardize investigations in other cases. Under the circumstances, the trial judge was correct in refusing to grant a mistrial or to grant a continuance in the case.

*State ex rel. Keaton v. Circuit Court of Rush County* (1985), Ind., 475 N.E.2d 1146, cited by the majority, should be followed and the trial court should be affirmed.

PIVARNIK, J., concurs.