

I N  T H E

# Court of Appeals of Indiana

Jose L. Lopez Sanchez,

*Appellant-Defendant*



FILED

Jul 15 2025, 10:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

State of Indiana,

*Appellee-Plaintiff*

---

July 15, 2025

Court of Appeals Case No.
24A-CR-2299

Appeal from the Elkhart Superior Court

The Honorable Elizabeth A. Bellin, Judge

The Honorable Eric S. Ditton, Magistrate

Trial Court Cause No.
20D04-1909-CM-1556

---

**Opinion by Chief Judge Altice**
Judges Brown and Tavitas concur.

**Altice, Chief Judge.**

## Case Summary

[1] Jose L. Lopez Sanchez, charged with operating while intoxicated (OWI), brings this interlocutory appeal of the trial court's denial of his request to compel the discovery of police reports related to his criminal prosecution. He contends that the trial court erred in determining that the Access to Public Records Act (APRA), Ind. Code Chap. 5-14-3, applies in this context and grants the State with discretion to deny discovery of such information.

[2] We reverse and remand.

## Facts & Procedural History

[3] In September 2019, the State charged Sanchez with Class A misdemeanor OWI endangering a person and Class C misdemeanor OWI with an ACE of .08 or more. Pursuant to a plea agreement, on October 2, 2019, he pled guilty to the Class C misdemeanor and was sentenced to sixty days in the Elkhart County Jail, suspended to one year of probation. Sanchez was satisfactorily discharged from probation a year later.

[4] Sanchez's conviction was later vacated in October 2023 following a successful petition for post-conviction relief. The post-conviction court determined that Sanchez's guilty plea was not made knowingly and intelligently. The State then revived the OWI prosecution against Sanchez.

[5] On May 8, 2024, Sanchez filed a motion to compel discovery, as the State had refused to provide police reports as part of discovery. Citing APRA, the State

claimed that "police reports are protected as confidential at the discretion of the agency." *Exhibit Book* at 21; *see also Appellant's Appendix* at 34, 38-39. Sanchez disagreed with the State's reliance on APRA and directed the trial court to Ind. Crim. Rule 2.5(B) and *Minges v. State*, 192 N.E.3d 893 (Ind. 2022). He requested that the trial court "order the State to produce all discovery as required by Indiana Criminal Rule 2.5 for an *in camera* review by the Court to determine whether any privilege to withhold discovery exists." *Appellant's Appendix* at 37.

[6] On June 17, 2024, the trial court held a hearing on Sanchez's motion to compel. The State submitted, as State's Exhibit 2 for the court's *in camera* review, two police reports that were being withheld from Sanchez. The State explained that it was "just using its discretion in not providing the police reports [to Sanchez] because it's deemed confidential under [APRA]." *Transcript* at 8. The State described this as a "statutory privilege" to, within its discretion, keep such records confidential and protected from discovery.[1] *Id*. at 20. Sanchez responded that APRA was irrelevant to the issue at hand, which involves a discovery matter, not a public records request.

[7] After taking the matter under advisement, the trial court issued its order on July 29, 2024, denying Sanchez's motion to compel. The court determined that APRA applied and thus the State had discretion to deny disclosure of the police

---

[1] Upon questioning by the trial court, the State acknowledged that this run-of-the-mill OWI case did not involve any special concerns regarding the release of the police reports, such as concerns for witness tampering or victim's rights.

records, which denial had not been shown by Sanchez to be arbitrary or capricious. The court then observed that Crim. R. 4(B)(2) does not specifically list police reports among the items that the State must disclose in discovery. And while acknowledging the catch-all provision of Crim. R. 4(B)(5), which grants courts authority to order disclosure of "information not covered by this rule," the court suggested that such authority was limited to "exceptional circumstances" that were not present in this case "in light of the discovery already provided to the defense."[2] *Appellant's Appendix* at 46-47.

[8] On Sanchez's timely motion, the trial court certified for interlocutory appeal its order denying the motion to compel. We then accepted jurisdiction over the discretionary interlocutory appeal pursuant to Ind. Appellate Rule 14(B). Additional information will be provided below as needed.

## Standard of Review

[9] A trial court's ruling on a motion to compel discovery is generally reviewed on appeal for abuse of discretion. *Jennings v. Smiley*, 249 N.E.3d 1071, 1075 (Ind. 2025). Under such standard, we will interfere only if the ruling is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights. *Id*. This deferential standard, however, gives way to de novo

---

[2] Based on its *in camera* review, the court noted that the police reports at issue did not appear to contain anything that would be exculpatory or favorable to the defense and that the discovery already provided contained detailed summaries of both officers' anticipated testimony, which substantially mirrored the contents of the police reports.

review when it comes to questions of law, such as interpreting trial rules or statutes. *See id.*; *Minges*, 192 N.E.3d at 896.

## Discussion & Decision

[10] For many years, the Elkhart County Prosecuting Attorney's Office (the Prosecutor's Office) has maintained a policy whereby police reports in criminal cases are not provided to defense counsel unless counsel executes an agreement on discovery (the Discovery Agreement). The Discovery Agreement requires defense counsel to acknowledge that criminal offense reports and other investigative materials are "generally non-discoverable pursuant to [APRA]" and that it is within the discretion of the Prosecutor's Office whether to provide such in discovery. *Exhibit Book* at 3. Further, this "courtesy production" comes with strings regarding counsel's possession and use of the discovered material and provides that if counsel violates the terms of the Discovery Agreement, "the State will suspend [counsel's] privilege to obtain all investigative materials except those mandated by law." *Id.* at 3, 4.

[11] Sanchez's counsel refused to sign the Discovery Agreement and then pursued a motion to compel after the State withheld the police reports. This is the first of several cases that counsel is pursuing in Elkhart County courts to challenge the Prosecutor's Office's policy of withholding from discovery police reports, pursuant to APRA, unless counsel executes the Discovery Agreement.

[12] We initially address the State's argument that this appeal should be dismissed as moot because State's Exhibit 2 – the two police reports that were submitted

only for the trial court's *in camera* review and were not to be placed in evidence – was inadvertently filed in this appeal by the court reporter. Thus, while Sanchez did not previously have access to State's Exhibit 2, he does now through this unintended disclosure.

[13] An appeal becomes moot when the appellate court cannot provide either party with effective relief. *J.F. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 256 N.E.3d 1260, 1264 (Ind. 2025). This occurs where the primary issue in the case has been ended, settled, or in some manner disposed of, making it unnecessary to decide the issue. *In re Custody of M.B.*, 51 N.E.3d 230, 233 (Ind. 2016). While moot cases are usually dismissed, we may reach the merits of the appeal by applying the public interest exception "when the issue involves a question of great public importance which is likely to recur." *J.F.*, 256 N.E.3d at 1264-65; *see also Hatch v. Roper*, 247 N.E.3d 1290, 1293 (Ind. Ct. App. 2024) ("[T]hough there exists a public interest exception to the mootness doctrine, we find it inapplicable here because circumstances of Hatch's case are unusual enough that they are not likely to recur.").

[14] The issue in this case is extremely likely to recur in Elkhart County given the steadfast position of the Prosecutor's Office that APRA applies in discovery disputes such as this. Indeed, the same issue is currently pending in Elkhart Superior Court 1 under Cause No. 20D01-2402-CM-294, where that court granted the parties' joint motion to stay pending the outcome of this appeal. Given the importance of discovery in criminal matters and the likelihood that

this issue will recur in Elkhart County until settled, we exercise our discretion to reach the merits under the public interest exception.

[15] Just a few years ago, in *Minges*, our Supreme Court addressed a different but related policy of prosecutor's offices in two counties to assert a blanket work product privilege to avoid producing police reports to defendants in criminal cases. The Court observed that "the majority of prosecutors across the State of Indiana regularly produce police reports to defendants and their counsel, while prosecutor's offices in the minority of counties automatically assert the work product privilege over these documents as a matter of policy." *Minges*, 192 N.E.3d at 895.

[16] In overruling *State ex rel. Keaton v. Cir. Ct. of Rush Cnty.*, 475 N.E.2d 1146, 1147 (Ind. 1985), the *Minges* Court held that granting prosecutors a blanket privilege for police reports conflicts with Indiana's "liberal discovery rules," which are intended to "provide the maximum amount of information possible to both parties as they prepare their cases and reduce the possibility of surprise at trial."[3] *Minges*, 192 N.E.3d at 897. The Court explained:

> Trial Rule 34 allows parties in litigation to request information or material directly from each other and non-parties. And Trial Rule 26 sets forth the scope of discovery, providing a party may obtain discovery about "any matter, *not privileged*, which is relevant to the subject-matter involved in the pending action, whether it

---

[3] Ind. Crim. Rule 1.1 provides: "The Indiana Rules of Court, as well as all statutes governing procedure and practice in trial courts, apply to all criminal proceedings unless they conflict with these rules."

relates to the claim or defense of the party seeking discovery or the claim or defense of any other party[.]" T.R. 26(B)(1) (emphasis added)….

\*\*\*\*

Courts apply a factual, case-by-case analysis to determine whether an item is an attorney's work product, and thus protected from disclosure. In this respect, the party asserting the work product privilege "must establish that the materials sought to be protected from disclosure were prepared in anticipation of litigation rather than in the normal course of business." *TP Orthodontics, Inc. v. Kesling*, 15 N.E.3d 985, 995 (Ind. 2014); *see also* T.R. 26(B)(3). And the party asserting the privilege must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." T.R. 26(B)(5)(a). Plainly, the party seeking to avoid disclosure bears the burden of demonstrating the privilege applies to the specific item.

*Id*. at 897-98 (some citations omitted).

[17]     The Court continued:

Whether rightly or wrongly, courts have interpreted *Keaton* as providing a blanket privilege to police reports, effectively depriving a trial court from exercising its discretion in compelling disclosure over the prosecuting attorney's timely work-product objection. ***Yet, Indiana generally disfavors bare assertions of privilege in the context of discovery***…. We see no reason to perpetuate this reading of *Keaton* when Trial Rule 26(B)(3) and other discovery principles provide the appropriate framework for

analyzing whether the work product doctrine protects a police report from disclosure.

*Id.* at 899 (citations and footnote omitted) (emphasis added).

[18] In response to the State's argument that it has an interest in protecting sensitive information in a police report from being disseminated, the Court explained:

> Today's decision should not be interpreted as compromising any of the protective devices available to safeguard this information; we merely conclude a blanket privilege for police reports based on the work product doctrine is inappropriate to accomplish this end. Instead, the State can redact sensitive information, move for a protective order, invoke the confidential informer's privilege, and although a rare procedure in discovery disputes, even request the trial court to complete *in camera* inspection of any disputed materials. But if the State believes a police report is protected from disclosure as the prosecuting attorney's work product, Trial Rule 26(B)(3) … sets forth the framework in making such an argument to the trial court.

*Id*. at 900 (some citations omitted).

[19] Thus, the Court held that trial courts, with broad discretion in discovery matters, must determine – on a case-by-case basis applying T.R. 26(B)(3) – whether a police report is protectible work product. *Id*. at 902. In other words, police reports are generally discoverable in criminal proceedings where relevant and not privileged.

[20] Crim. R. 2.5, which became effective shortly after *Minges* on January 1, 2024, addresses discovery in criminal proceedings and provides in part:

**(A) Automatic Discovery/General Provisions.** The parties must endeavor to share information without court involvement.

(1) No written discovery motion is required, except:

> (a) to compel compliance under this rule;
>
> (b) for additional discovery not covered under this rule;
>
> (c) for a protective order; or
>
> (d) for an extension of time.

(2) The parties may comply with discovery obligations in any mutually agreeable manner….

(3) Absent a showing under Trial Rule 26(B)(3), the following are not subject to disclosure:

> (a) privileged communications as defined by law; and
>
> (b) work product of the parties and their legal or investigative staff.

(4) A party has a continuing obligation to disclose supplemental discovery within a reasonable time period.

**(B) Disclosures by the State.**

(1) The state must disclose and furnish all relevant items and information under section (B)(2) to the defense within thirty days from the date of the initial hearing, an appearance by defense counsel, or an appearance by pro se defendant, whichever is later.

(2) The state must disclose the following material and information within its possession or control:

> (a) The names and last known addresses of persons whom the state intends to call as witnesses, with their relevant written or recorded statements. The state may refrain from

providing a witness' address or other contact information under this rule if the state in good faith believes the disclosure of the witness' address or other contact information may jeopardize the safety of the witness or the witness' immediate family….

(b) Any written, oral, or recorded statements made by the accused or by a co-defendant …..

(c) A transcript of those portions of grand jury minutes containing testimony of persons whom the prosecuting attorney intends to call as witnesses at the trial.

(d) Any reports or statements of experts, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.

(e) Any books, papers, documents, photographs, or tangible objects that the prosecuting attorney intends to use in the hearing or trial.

(f) Any books, papers, documents, photographs, or tangible objects which were obtained from or belong to the accused.

(g) Documents produced pursuant to Rule 1.4.

(3) The state must disclose to the defense any material or information within its possession or control that tends to negate the guilt of the accused as to the offense charged or would tend to reduce the punishment.

(4) The state must disclose and furnish to the defense prior to the trial date, subject to protective orders: any record of prior criminal convictions or other evidence that may be used to impeach the persons whom the state intends to call as witnesses at the hearing or trial.

(5) Upon a reasonable defense request and a showing of materiality to the preparation of the defense, the court may require disclosure to the defense of unprivileged information not covered by this rule.

****

*Id*.

[21] While Crim. R. 2.5 does not expressly list police reports among the mandatory disclosure items found in subsections (B)(2) through (B)(4), the rule's clear intent is to facilitate liberal discovery and provide a criminal defendant with the maximum amount of relevant, unprivileged information within the State's possession. And pursuant to *Minges*, the State may not withhold police reports from a defendant in a criminal case as a matter of course; it must establish that the particular police reports at issue are privileged.

[22] Here, the trial court determined that APRA was relevant to its determination of the discovery dispute. Specifically, it agreed with the State's argument that APRA applies to a request for police reports by the defense in a pending criminal case and that Ind. Code § 5-14-3-4(b)(1) of APRA provided the State with discretion to deny Sanchez's discovery request.[4] The trial court treated the

---

[4] I.C. § 5-14-3-4(b) provides in relevant part:

Except as otherwise provided by subsection (a), the following public records shall be excepted from section 3 of this chapter at the discretion of a public agency:

(1) Investigatory records of law enforcement agencies or private university police departments. For purposes of this chapter, a law enforcement recording is not an investigatory record. However, information described in subsection (a)(15) contained in a law enforcement recording is exempt from disclosure, unless and to the extent that a parent, guardian, or custodian of the victim consents in writing to public disclosure of the records. However, a parent, guardian, or custodian charged with or convicted of a crime against the victim may not consent to public

motion to compel as an action under APRA and looked to that statutory scheme to determine whether disclosure should be mandated. We agree with Sanchez that this was erroneous.

[23] This is a discovery matter, not a public records request under I.C. § 5-14-3-3.[5] Thus, the discretionary exceptions to APRA's public disclosure requirements set out in I.C. § 5-14-3-4(b) are not relevant here and do not provide the State with the privilege of deciding whether to provide discovery of the police reports. *See id.* (providing a list of public records that "shall be excepted **from section 3 of this chapter** at the discretion of the public agency") (emphasis supplied)). Further, applying APRA's discretionary exceptions to forestall the discovery of

---

disclosure of the records. Law enforcement agencies or private university police departments may share investigatory records with:

(A) a person who advocates on behalf of a crime victim … for the purposes of providing services to a victim or describing services that may be available to a victim;

(B) a school corporation (as defined by IC 20–18–2–16(a)), charter school (as defined by IC 20–24–1–4), or nonpublic school (as defined by IC 20–18–2–12) for the purpose of enhancing the safety or security of a student or a school facility; and

(C) the victim services division of the Indiana criminal justice institute under IC 5–2–6–8, for the purposes of conducting an investigation under IC 5–2–6.1–26;

without the law enforcement agency or private university police department losing its discretion to keep those records confidential from other records requesters. However, certain law enforcement records must be made available for inspection and copying as provided in section 5 of this chapter.

[5] I.C. § 5-14-3-3(a) provides that "[a]ny person may inspect and copy the public records of any public agency during the regular business hours of the agency, except as provided in section 4 of this chapter." Our Supreme Court has explained that APRA's public disclosure requirements are "intended to insure Hoosiers have broad access to most government records." *Fam. & Soc. Servs. Admin. v. Saint*, 258 N.E.3d 972, 977 (Ind. 2025). The Court also observed that although APRA promotes the disclosure of public records, it contains both mandatory and discretionary exceptions that "exempt certain records from **these disclosure requirements**." *Id.* (emphasis supplied).

relevant, unprivileged information, to which a criminal defendant would be otherwise entitled, conflicts with Indiana's liberal discovery rules.[6]

[24] Aside from APRA, the State makes no argument that the police reports at issue are privileged or otherwise undiscoverable. And, rightly so, the State does not claim that the police reports are irrelevant or immaterial to the preparation of Sanchez's defense.

[25] As *Minges* makes clear, police reports are generally discoverable in a criminal proceeding unless the State establishes that a privilege applies. Crim. R. 2.5 did not change this. Further, we agree with Sanchez that the police reports in this case are discoverable under the rule's catch-all provision, subsection (B)(5),[7] because they are relevant and material to the preparation of the defense and are not privileged.[8] The trial court believed that its authority to order disclosure under the catch-all provision was limited to "exceptional circumstances," *Appellant's Appendix* at 47, but there is no such limitation; Crim. R. 2.5(B)(5)

---

[6] Even the mandatory exceptions under I.C. § 5-14-3-4(a), which lists several public records that "may not be disclosed by a public agency," are subject to disclosure where "ordered by a court under the rules of discovery." *Id.*

[7] Sanchez also argues that the police reports here fall under subsection (B)(2)(a) because the officers who wrote the reports will be witnesses at trial and the reports contain their narrative statements of what they observed relative to the charged offense. Though compelling, we need not reach this alternative argument.

[8] The State asserts on appeal that Sanchez did not raise Crim. R. 2.5(B)(5) below. On the contrary, Sanchez specifically directed the trial court to this subsection and stated: "I am asking for it under (5). I am telling you it's relevant to this OWI case; I am telling you that I don't believe it's privileged; I believe it's unprivileged; I don't believe the state has made a prima facie showing of any privilege[.]" *Transcript* at 38.

requires only that the defense make a reasonable request and a showing of materiality to the preparation of the defense.

[26] In sum, the trial court incorrectly determined that the State may utilize APRA to prevent a defense attorney from obtaining discovery of police reports in a pending criminal case. Further, as the State has not established any other applicable privilege, the trial court abused its discretion by denying Sanchez's motion to compel disclosure of the police reports.

[27] Reversed and remanded with instructions to grant the motion to compel.

Brown, J. and Tavitas, J., concur.

ATTORNEY FOR APPELLANT

Jessica R. Merino
Wyatt, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana